JAMES W. CLARK vs. EDWARD C. THAYER & another, ad-
ministrators.

One who takes a promissory note in good faith, for value, before its maturity, with knowl-
edge of the previous death of its maker, and without notice that it is an accommodation
note, may recover on it against the maker's estate, even if the indorser, for whose ac-
commodation it was made, put it into circulation fraudulently as against the maker.

APPEAL from the decision of commissioners appointed by the
probate court to receive and examine all claims of creditors
against the insolvent estate of Warren Hunt, deceased, allowing
the claim of James W. Clark as holder of a promissory note made
by the deceased and dated May 15, 1867, for $2000 payable five
months after date to the order of Francis W. Hunt, and by him
indorsed in blank. Trial before *Morton*, J., who reported the
case. The material parts of the report were as follows :

" At the trial, the original note was produced, duly stamped,
and the signatures of Warren Hunt as maker, and Francis W.
Hunt as indorser in blank, were proved by the testimony of Jesse
F. Alderman. Alderman also testified that he was a broker in
Boston, and that, soon after the date of the note and before the
death of Warren Hunt, Francis W. Hunt put the note into his
hands, indorsed by said Francis in blank, to be sold by him as a
broker for said Francis; that he sold it to James W. Clark, the
plaintiff, July 2, 1867, for its full value less the usual rate of dis-
count; that Warren Hunt died June 7, 1867; that he knew at
the time of selling it that Warren Hunt was dead; and that
Clark also knew it. Alderman further testified that he had been
accustomed to sell the paper of both Warren Hunt and Francis
W. Hunt; that this as well as other notes of a similar character
were left with him to sell, to raise money to pay other similar
notes then maturing; that Francis W. Hunt brought this note to
him ; that he sold it as the note of said Francis; that it was an
accommodation note ; and that Warren Hunt had told him the
notes were for the accommodation of Francis W. Hunt."

" Clark testified that he was the holder of the note : that he
paid Alderman the full value for it, less the then usual rates of

discount, before the same matured; that it was then signed by Warren Hunt and indorsed in blank by Francis W. Hunt; and that he bought it in good faith, without suspicion that there was anything wrong about it. All formal matters necessary to a recovery by Clark were either proved or admitted.

" The defendants contended that inasmuch as the note was not sold to Clark until after the death of Warren Hunt, a fact known by Clark at the time of the purchase, it could not be proved by Clark against Warren Hunt's estate. But the judge held that Clark was entitled to prove the claim against the estate, and at the request of the defendants reports the case for the determination of the full court; if upon the facts set forth Clark is entitled to prove the note, judgment to be entered affirming the decision of the commissioners allowing this claim, otherwise a new trial to be granted."

*P. E. Aldrich*, for the defendants.

*F. P. Goulding & W. F. Slocum*, for the plaintiff.

WELLS, J. The plaintiff became the *bonâ fide* holder of this note, for value, before its maturity. He was informed of the previous decease of the maker, Warren Hunt. But it does not appear that he had notice of the fact that it was an accommodation note. We do not think there is any ground for the argument that he is chargeable with implied notice; or that notice may be inferred from the circumstances of the transaction. The defendants did not seek to go to the jury upon that question; and it does not appear that the point was raised at the trial. The defendants claimed that the death of Warren Hunt, known to Clark when he took the note, defeated his right to recover upon the note, or to prove it against Warren Hunt's estate. This single point being ruled against them, the case was reported, at the request of the defendants, for revision by this court.

Upon this presentation of the case, no other question is open to the defendants here, except that which was ruled upon at the trial. We must assume that Clark was not chargeable with notice that the note was made for the accommodation of the indorsee.

Clark was entitled, then, to take the note for what it purported to be, namely, as given for value, and valid between the original

parties.  In that case, the death of Warren Hunt would not affect its negotiability, or its validity in the hands of any holder Knowledge of the death of Warren Hunt, therefore, would not affect Clark with notice of any invalidity of the note.  The principle is the same as that established in *Monument National Bank* v. *Globe Works*, 101 Mass. 57.

The question has been argued at the bar, whether the right of Francis W. Hunt, during the life of Warren Hunt, to negotiate the note for his own use, was a power coupled with an interest, or a mere naked power revocable by Warren Hunt at any time before it was executed, and therefore revoked by his death.  But we do not consider that question to be material to the decision of the case.  Even if the right of Francis W. Hunt to transfer the note had been terminated by revocation of his power in any mode, and he put it into circulation fraudulently as against the maker of the note, that would only throw upon the holder the burden of proof, to show that he acquired the note before maturity, for value and in good faith.  *Munroe* v. *Cooper*, 5 Pick. 412.  *Sistermans* v. *Field*, 9 Gray, 331.  *Worcester County Bank* v. *Dorchester & Milton Bank*, 10 Cush. 488.  *Wyer* v. *Same*, 11 Cush. 51.

For some purposes, the first negotiation for value is treated as the inception of the contract.  This is so especially in relation to questions of usury; and it makes no difference that the purchaser of the note supposed he was obtaining a security already in circulation, and valid between the original parties, he having no notice to the contrary.  But that rule obtains under statutes, and does not apply to ordinary transactions depending on the commercial law.  By that law, the indorsee of negotiable paper before maturity, for value, in good faith, and without notice of defences, is protected against defences on grounds of want of consideration, misappropriation, and even fraud between the original parties thereto.  Story on Notes, § 191.  *Thurston* v. *McKown*, 6 Mass. 428.  *Lancaster Bank* v. *Taylor*, 100 Mass. 18.  This rule of law meets the point of the present case.  The defendants fail to establish the condition on which alone the proposed defence can be open.      *Judgment for the plaintiff accordingly.*