Smith *v.* Livingston.

LUKE SMITH *vs.* EVERETT W. LIVINGSTON & another.

In an action on a promissory note by one who took it from the payees before maturity, to which the defence is that the note was obtained by fraud, and that the plaintiff took with notice, it is no ground of exception that the judge refused to rule that it was a presumption of law that one who procures a note by fraud will place it in the hands of another to sue upon it, if he gave proper rulings as to the burden of proof; and he will be presumed to have given such rulings if the contrary does not appear from the bill of exceptions.

One who before maturity has taken from the payees a promissory note which they obtained by fraud, can recover from the maker, although he took the note under suspicious circumstances, if he in fact took it for value, in good faith and without knowledge of any infirmity.

CONTRACT against the makers of a promissory note payable to Clark, Smith & Company, or bearer. Trial in the Superior Court, before *Pitman,* J., who, after a verdict for the plaintiff, allowed the following bill of exceptions:

" Among other defences the defendants claimed that the note was obtained from them by the fraudulent representations of the original payees as to furnishing certain patented machines to them for sale, and that the plaintiff took the note with notice of its infirmity and not in good faith. The plaintiff, who was a New Hampshire farmer, testified that he took the note from his nephew, one of the payees, before it was due, in good faith, and for value; giving a detailed account of the transaction. Both parties claimed that the evidence of the plaintiff tended to support their respective positions; and the defendants also offered evidence tending to show the fraudulent inception of the note.

"Among the instructions asked by the defendants were the following: '1. It is a presumption of law that a person who procures a note by fraud will place it in the hands of another person to sue upon it. 2. If the jury find that the note was obtained of the defendants by fraud, and that the plaintiff purchased it of the party so obtaining it, and under such suspicious circumstances as would have induced a man of ordinary care and prudence to inquire into the consideration of the note and how it was obtained, and that at the time of such purchase the plaintiff could have easily ascertained these facts, and yet bought the note without making any inquiry in regard to them, he cannot recover.'

" The judge declined to give either of these instructions; saying to the jury in regard to the first, that there was no presumption of law in the matter, but that the suggestion of counsel as to the course of human conduct was for their consideration and the application of their judgment and experience; but that whatever might be the conduct or motives of the party obtaining the note, it was immaterial unless the plaintiff conspired with him or took the note in bad faith; that as to the second prayer the law did not impose the duty of inquiry upon the taker of negotiable paper; that the plaintiff would not lose his right to recover by mere carelessness or the failure to make such inquiries as should seem to the jury to be prudent; but that there might be such recklessness as would be inconsistent with honesty of purpose and good faith; and that the jury might consider the points suggested in the prayer in connection with all the circumstances of the purchase in passing upon the true issue — whether the plaintiff in fact purchased without knowledge of any infirmity in the note and in good faith."

The defendants excepted to the refusal to give the instructions prayed for and to those above substituted therefor.

*J. N. Marshall*, for the defendants.

*B. Wadleigh*, of New Hampshire, (*T. L. Livermore* with him,) for the plaintiff.

MORTON, J. The indorsee of a promissory note who takes it for value, in good faith, in the usual course of business, before its maturity, is entitled to recover upon it, though the maker has a

good defence against the payee on the ground that it was obtained by fraud. But upon proof that a note is founded in illegality, or was obtained or put in circulation fraudulently, the burden of proof is upon the indorsee to show that he took it for value and in good faith before its maturity. *Sistermans* v. *Field*, 9 Gray, 331. *Tucker* v. *Morrill*, 1 Allen, 528. *Smith* v. *Edgeworth*, 3 Allen, 233. *Clark* v. *Thayer*, 105 Mass. 216.

In reviewing a case upon a bill of exceptions it is to be presumed that correct instructions in matters of law were given unless the contrary appears. Assuming therefore that the instructions at the trial in the case at bar were in conformity with these rules, we are of opinion that there was no error in the refusal of the court to give the instructions asked by the defendants.

The first instruction asked was that " it is a presumption of law that a person who procures a note by fraud will place it in the hands of another person to sue upon it." It is true that when a note which has been obtained by fraud is sued by a third party, the ordinary rule of law, that the possession of a note is sufficient evidence of title, is changed, and the burden is thrown upon the plaintiff of proving that he in good faith gave value for the note. And one of the reasons given for this rule changing the burden of proof is that the fact that it was obtained by fraud affords a presumption that the person guilty of the illegality would place the note in the hands of another person to sue upon it. *Bailey* v. *Bidwell*, 13 M. & W. 73.

Whether this can properly be called a presumption of law or of fact is not material. It is only one of the reasons for the rule that the plaintiff must show that he is a *bona fide* indorsee for value; and the rule having, as we must assume, been stated, the instruction requested, stated as a distinct proposition, was calculated to mislead the jury, and the refusal to give it affords no ground of exception.

The defendants also requested the court to rule, that " if the jury find that the note was obtained of the defendants by fraud, and that the plaintiff purchased it of the party so obtaining it, and under such suspicious circumstances as would have induced a

man of ordinary care and prudence to inquire into the considera-tion of the note and how it was obtained, and that at the time of such purchase the plaintiff could have easily ascertained these facts, and yet bought the note without making any inquiry in regard to them, he cannot recover." The court declined to give this ruling, and instructed the jury that the real issue was whether the plaintiff purchased the note without knowledge of any infirm-ity and in good faith.

We are of opinion that this instruction was correct. There is much conflict of opinion in the cases upon this subject, but the more modern and the more satisfactory decisions sanction the rule adopted at the trial. In *Goodman* v. *Simonds*, 20 How. 343, the subject is carefully considered, and the authorities reviewed, and the court hold that an indorsee for value who takes a note before maturity, in good faith, is entitled to recover notwithstanding any fraud or illegality in its inception ; and that the true question for the jury is, not whether there were suspicious circumstances, but whether he took it without notice of any infirmity or taint.

This rule is simple, easily understood and acted on, and in con-formity with the general principles of commercial law which pro-tect the free circulation of negotiable paper. The other rule, laid down in some of the cases, that an indorsee for value cannot recover if he takes the note without due caution, or under circum-stances which ought to excite the suspicions of a prudent man, is indefinite and uncertain. Circumstances which might excite the suspicion of one man might not attract the attention of another. It is a rule which business men cannot act upon in the ordinary affairs of life with any certainty that they are safe.

In the case at bar, therefore, if the jury were satisfied that the note in suit was obtained by fraud, the true issue was whether the plaintiff took it for value and in good faith, without notice of the fraud. The suspicious circumstances, if any, attending the transaction were to be considered by them as bearing upon this issue. But if upon all the evidence they were satisfied that the plaintiff paid value for the note in good faith and without notice of any infirmity, he was entitled to a verdict. The instructions at the trial being to this effect were correct.

*Exceptions overruled.*