NATIONAL SECURITY BANK *vs.* EDWARD F. CUSHMAN.

Suffolk.   Nov. 23, 1876.— Jan. 8, 1877.   AMES & ENDICOTT, JJ., absent

If a director of a bank, who acts for the bank in discounting a note, has knowledge that the note was procured by fraud, the bank is affected with his knowledge.

On the issue whether a certain director of a bank acted in the discounting of a note by the bank, there was evidence that the note was taken to the director a few days after its date, and left with him to be discounted, and the next day it was found to have been discounted; that the rules of the bank required the presence of a majority of the directors or of the finance committee to authorize a discount; but that it was the custom in some cases for the cashier and one director to discount a note, and that, on the day the note was discounted, there was no meeting of the directors or of the committee. *Held*, that the jury would be warranted in finding that the director acted with the cashier in discounting the note.

CONTRACT by an indorsee on a promissory note signed by the defendant, payable to John P. Loring, and indorsed in blank, "John P. Loring, by Wm. L. Lovell, attorney. Wm. L. Lovell." Answer, that the note was procured to be signed by the fraudulent representations of Loring and of Lewis Coleman, a director in the plaintiff bank, and that the plaintiff had knowledge of the same.

At the trial in the Superior Court, before *Gardner*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the substance of which appears in the opinion.

*S. B. Allen*, for the defendant.

*G. M. Hobbs*, for the plaintiff.

MORTON, J.  The defendant, who is the maker of the note in suit, offered to show that it was obtained of him by fraud, and that Coleman, one of the directors of the plaintiff bank, had knowledge of the fraud at the time the note was put in circulation.  The court rejected this evidence, upon the ground that there was no evidence that Coleman took part in the action of the bank in discounting the note.

If there is fraud or illegality in the inception of a note, the burden of proof is upon the indorsee to show that he took it for value and in good faith before its maturity.  *Smith* v. *Livingston*, 111 Mass. 342, and cases cited.  If the note is discounted by a bank, the mere fact that one of the directors knew the fraud or illegality will not prevent the bank from recovering.  *Washington Bank* v. *Lewis*, 22 Pick. 24.  *Commercial Bank* v. *Cunningham*, 24 Pick. 270.  *Housatonic Bank* v. *Martin*, 1 Met. 294.  But if the director who has such knowledge acts for the bank in discounting the note, his act is the act of the bank, and the bank is affected with his knowledge.  A bank or other corporation can act only through its officers or other agents.  As in other cases of agency, notice to the agent, in the course of the transaction in which he is acting for his principal, of facts affecting the nature and character of the transaction, is constructive notice to the principal.  *Suit* v. *Woodhall*, 113 Mass. 391.  *Bank of U. S.* v. *Davis*, 2 Hill, 451.  If, therefore, Coleman acted for the bank in discounting the note in suit, the bank is affected with his knowledge of fraud in the inception of the note.  Whether he did so act was a question of fact, upon which there was evidence which should have been submitted to the jury.

William P. Lovell testified that he took the note to Coleman at his store, a few days after its date, and left it with him to have t discounted; that Coleman took it and said he would see about it, and the next day he found that the note had been discounted at the bank.  The cashier testified that the rules of the bank required the presence of a majority of the directors or of the finance committee to authorize a discount, but that it was the custom in some cases for him and one director to discount a

note, and that on the day this note was discounted there was no meeting of the directors or of the finance committee. The fair inference is that the note was discounted by the cashier and one director. There was no evidence that any other director than Coleman acted with the cashier in discounting the note. Upon the whole evidence, it would not be unreasonable for the jury to infer that the cashier and Coleman acted for the bank in this transaction.

We are of opinion that it was competent for the defendant to show that the note was obtained from him by fraud, and that Coleman had knowledge of the fraud, and that there was sufficient evidence to go to the jury upon the question whether Coleman took part as a director, acting for the bank, in discounting the note, so as to make his knowledge the knowledge of the bank.                    *Exceptions sustained.*