LUTHER REDLON *vs.* GEORGE L. CHURCHILL and another.

Cumberland.    Opinion January 10, 1882.

*Promissory notes.    Partnership.*

When a member of a firm makes his individual note payable to his own order and indorses thereon his own name and the name of his firm, and receives and appropriates the proceeds thereof to his own use, the firm will be liable

therefor, being duly notified, to an indorsee who, in good faith, for an adequate consideration purchased the same before maturity, ignorant of all the circumstances affecting its validity.

The form of the note is not notice that it was given for the maker's accommodation and in fraud of the firm.

The purchase of the note of a broker furnishes no presumption that the broker was the agent of the maker.

ON REPORT from superior court.

Assumpsit on a promissory note against the firm of Churchill and Melcher.

The case is fully stated in the opinion.

*George W. Verrill*, for the plaintiff, cited : *Kellogg* v. *Curtis*, 69 Maine, 212 ; *Farrell* v. *Lovett*, 68 Maine, 326 ; Story on Partnership, § 133 ; *Waldo Bank* v. *Lumbert*, 16 Maine, 416 ; *Holmes* v. *Porter*, 39 Maine, 160 ; *Etheridge* v. *Binney*, 9 Pick. 274 ; *Wait* v. *Thayer*, 118 Mass. 473 ; *Nat. Bank* v. *Savery*, 127 Mass. 75.

*Clarence Hale*, for Holman S. Melcher, one of the defendants.

The form of the note itself is notice sufficient to put a third party on his inquiry, as it clearly suggests that the note was given for an individual debt and not for partnership uses.

The rule of law is laid down in *Angle* v. *N. E. Mut. Life Ins. Co.* 92 U. S. 341. "The holders of negotiable securities taken in the usual course of business, before the securities fall due are chargeable with notice, where the marks on the instrument are of a character to apprise one to whom the same is offered of the alleged defect." The case *Goodman* v. *Simonds*, 20 Howard, 365, is full of authorities on this subject. The rule as to the burden of proof is stated in the last case cited, as it is also stated in Daniels on Chancery, § 815, namely, that when there is any thing in the form of the instrument to put a third party on inquiry, the burden shifts and it is for plaintiff to show that he made due inquiry. See also, *Bank of Commerce* v. *Seldon*, 3 Min. 155, and 1 Am. Leading Cases, 406 *et seq.* ; *Eastman* v. *Cooper*, 15 Pick. 276 ; *Williams* v. *Walbridge*, 3 Wendall, 415 ; Parsons on Bills and Notes, p. 128.

Following in the line of these authorities, see *Sherwood* v. *Snow*, 46 Iowa, 485, where the note was signed by a partner with

name of partnership below and the court say that this was a circumstance to show that note was for individual benefit of the partner; notice the resemblance of case at bar. In *Rollins* v. *Stevens*, 31 Maine, 454, where the face of note indicated that partnership signed as sureties it was held that this fact charged holder with knowledge, — that "the form of the contract was information to him that the firm had no interest in it." See also cases cited. In a note from partnership to one of the firm it is held that the form of the note is sufficient to indicate that it is not a regular business note but relates to matters between the partners and puts holders on inquiry. *Thompson* v. *Hale*, 6 Pick. 259. See also, *Bank* v. *Winship*, 5 Pick. 11; *Livingston* v. *Roosevelt*, 4 Johns. 265; Collyer on Partnership, 468 *et seq.*; 3 Bing. 963; *Little* v. *Rogers*, 1 Met. 108. A partner is not an agent to indorse other than partnership paper and in a note to order of himself indorsed by other parties above his own indorsement, the form is held to be *prima facie* evidence that paper is merely the individual paper. *Bowman* v. *Cecil Bank*, 3 Grant, Pa. Cas. 33. Indorsers of a note made in the name of a firm by a member without assent of co-partners, for his individual debt, are not liable for payment. *Williams* v. *Walbridge, supra*. In *Bank* v. *Law*, 127 Mass. 72, the case turned on a statute. But the reasoning is in the same direction. These principles are also recognized in *Wail* v. *Thayer*, 118 Mass. 474; and *Blodgett* v. *Weed*, 119 Mass. 215, though the facts are not like case at bar.

"If from the form of note or from other facts, holder has reason to believe that note was for partner's use, he acquires no right from the attempted prostitution of the firm." *N. Y. F. Ins. Co.* v. *Bennett*, 5 Conn. 574.

APPLETON, C. J. This is an action of assumpsit against the defendants as indorsers of the following described note.

"$200.00.                         Portland September, 29, 1880.

Four months after date I promise to pay to the order of myself two hundred dollars at any bank in Portland. Value received. No. 2672. Due January 29.                   George L. Churchill."

Indorsed on the back of the note is,   " George L. Churchill."
                                       " Churchill and Melcher."

The note not being paid at maturity was protested and the defendants were seasonably notified.

The defence set up was, that Churchill made the note and the indorsements thereon and obtained the money on the note for his own use and without the knowledge or consent of his partner.

The evidence shows that the plaintiff purchased the note before its maturity, of a broker and paid for the same in good faith and ignorant of any facts affecting its validity.

The general rule as laid down in Collier on Partnership, § 447, is "that a partnership security negotiated through the fraud of one of the partners, is nevertheless binding on the firm, in the hands of an indorsee for a valuable consideration without notice of the fraud." The evidence clearly shows the plaintiff to be such indorsee.

The remarks of LORD, J., in the *Atlas National Bank* v. *Savery*, 127 Mass. 75, are applicable to the case at bar : "The notes were obtained by the plaintiff in the market, with no evidence that the party from whom they were obtained was not a *bona fide* holder of them for value. The fact that the party from whom they were obtained was a broker, if from that fact it is to be inferred that he was not the owner, raises no presumption that he was the agent of Law (here Churchill,) for the negotiation of the notes. If any presumption could arise from that fact that he was the agent to any party to the notes it would be that he was the agent of the last indorser of the notes." So that if the broker was not the owner of the note the inference would be that he was the agent of the defendants — the last indorsers — who would in that case be indisputably liable.

When one of a firm makes his own note payable to his own order and indorses thereon the name of his firm and receives and appropriates to his own use the proceeds thereof, the firm being duly notified, will be liable therefor to an indorsee, who in good faith, for an adequate consideration purchased the same before maturity and in ignorance of any circumstances affecting its validity. The form of the note is not notice that the note is given for the maker's accommodation. In *Wait* v. *Thayer*, 118 Mass. 474, one Warner made and indorsed a note payable to the firm of

which he was a member, for his own use. In delivering the opinion of the court, WELLS, J., says, "Warner being a member of the firm whose indorsement appeared upon the note, the fact that he was also the maker of the note in his individual capacity did not give rise to any conclusive presumption, that it was an accommodation indorsement, or that he negotiated the original loan and received the money for his own private use, and as a copartner." In *Parker* v. *Burgess et al.* 5 R. I. 277, a note made by a copartner payable to his own firm, was indorsed by him in the copartnership name to another in payment of his individual debt, with notice that he had no authority to use the firm name, and the note indorsed by the party, who received it in blank, was purchased by the plaintiff from a broker before maturity, for full value, and without notice of the transaction in which the note originated. *Held*, that the plaintiff was entitled to recover of the firm, as indorsers, the amount of the note, the paper not indicating, and he having no notice of the fraud practised upon the firm by its copartner. The form of the note is no notice of an intended or accomplished fraud on the firm by one of its members. These views have long since received the sanction of this court. *Waldo Bank* v. *Lumbert*, 16 Maine, 416; *Waldo Bank* v. *Greeley*, 16 Maine, 419.

That Churchill made the note payable to his own order and then indorsed the name of the firm cannot change the result. It is immaterial whether the note was made originally payable to the firm or to the maker's order, and then indorsed with the firm name.

It is sufficient that the plaintiff is a purchaser for value, in good faith and without knowledge of any defect of title. A suspicion of defect, or a knowledge of facts which might excite in the mind of a cautious person, or even negligence not amounting to fraud or bad faith will not defeat the rights of the purchaser. Such is the universally recognized law on this subject. *Farrell* v. *Lovett*, 68 Maine, 326; *Kellogg* v. *Curtis*, 69 Maine, 212; *Hobart* v. *Penny*, 70 Maine, 248; *Smith* v. *Livingston*, 111 Mass. 342; *Freemans National Bank* v. *Savery*, 127 Mass. 79;

*Murray* v. *Lardner*, 2 Wall. 110 ; *Cromwell* v. *Sac. Co.* 96 U. S. 51.

*Defendants defaulted.*

WALTON, BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.

