ELIZABETH R. LEE *vs.* HENRY S. WHITNEY.

Suffolk.   March 19, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Promissory Note — Fraud — Knowledge.*

The pledgee of shares of stock as collateral security for the performance of a guaranty, having reason to suspect that the certificate had been fraudulently raised by the pledgor, asked him for further security, and received as such his promissory note before its maturity and bearing another's indorsement. *Held,*

that, if the pledgee took the note in good faith, and without any knowledge that the indorsement was obtained by the pledgor through a fraudulent suppression of the truth as to the certificate, a failure on his part to make inquiries would not preclude him from recovering on the note.

CONTRACT upon a promissory note for $3,500, signed by Frank H. Williams, dated December 12, 1887, and payable one month after date to the order of Henry S. Whitney, and indorsed by him.  Trial in the Superior Court, before *Dunbar*, J., who, after a verdict for the plaintiff, allowed a bill of exceptions, which, so far as material, appears in the opinion.

*F. D. Allen*, for the defendant.

*J. W. Pickering*, for the plaintiff.

FIELD, J.  The defendant's case, as stated in the bill of exceptions, is, that the plaintiff bought of Williams, for $3,000, two hundred shares of the stock of the Campbell Engine Company, and received from him a written agreement " guaranteeing her against loss upon the investment," and as collateral security for the performance of this agreement she also received from him " a certificate of preferred stock in the Rutland Railroad Company, purporting to be for one hundred shares, but which there was evidence tending to show had been fraudulently raised "; and that one Abbott, the attorney of the plaintiff, discovering or believing that the certificate had been raised from one share to one hundred shares, " went to Williams and demanded additional security, and got this note in suit."  The note is for $3,500, signed by Williams, payable one month after date to the order of the defendant, and indorsed by him.  The defendant indorsed it at the request of Williams, and for his accommodation.

The bill of exceptions states that " the defendant resisted payment on the ground, among others, that his indorsement had been obtained from him through the false and fraudulent suppression by Williams, made with the plaintiff's knowledge, of the fact that Williams had criminally raised from one to one hundred shares " this certificate of stock, for which the note in suit was intended by Williams and the plaintiff to be, and actually was, substituted.  The court instructed the jury, that if Williams obtained the defendant's indorsement " through the fraudulent suppression of the truth as to the certificate, and

that the plaintiff or her agent knew of this fraud at the time they accepted the note, that would be a bar to the plaintiff's recovery." The court refused to give an instruction that knowledge on the part of the plaintiff, or her agent, " of the crime Williams had committed in raising the certificate was of itself sufficient to put them upon their inquiry, and if with such knowledge they remained silent, and made no inquiry either of Williams or of the defendant, they must be presumed to have known and assented to Williams's fraud"; and instructed the jury that "the plaintiff would not lose her right to recover by mere carelessness, or the failure to make such inquiries as would seem to the jury prudent. There might be, however, such recklessness as would be inconsistent with honesty of purpose and good faith. And you may consider the point raised in the prayer, in connection with all the circumstances of the purchase, in passing upon the true issue, which is this, whether the plaintiff in fact purchased without knowledge of any infirmity in the note and in good faith."

It was not disputed that the plaintiff took the note before its maturity, and as collateral security for the agreement. The instruction, that, if Williams fraudulently suppressed the truth in regard to the certificate of stock when he asked the defendant to indorse the note for his accommodation, and that if the plaintiff, or her agent, knew of this when the plaintiff took the note, these facts would avoid the note, was sufficiently favorable to the defendant. This instruction having been given, as the plaintiff took the note for value before maturity, the only question was whether she took it in good faith, and without notice or knowledge of this fraudulent suppression of the truth, and upon this question the instructions were correct. *Smith* v. *Livingston*, 111 Mass. 342. *Freeman's National Bank* v. *Savery*, 127 Mass. 75, 79.

<div align="right">

*Exceptions overruled.*