## FRANK C. BILL *vs.* SAMUEL A. STEWART.

Suffolk.    March 3, 1892. — June 22, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Check — Findings of Judge — Bona Fide Holder — "Use."*

The findings of fact of the judge who tries a case without a jury are conclusive, and cannot be reviewed by this court.

A holder of a check in good faith and without notice of any infirmity of title is

entitled to maintain an action upon it against the maker, although the latter has a good defence as against the payee; and the fact that the check is post dated is immaterial.

The presiding judge found, in an action upon a check, that the agreement by the payee not to "use" the check until the second day after it was drawn "was in effect an agreement not to present it for payment until .that time." *Held,* that, whether this was to be taken as a finding of fact or a ruling of law, it did not appear to be wrong.

CONTRACT, on a check drawn by the defendant to the order of one F. A. Dearborn, on Saturday, August 20, 1887, and post-dated to the following Monday, August 22, 1887.

Trial in the Superior Court, without a jury, before *Thompson,* J., who found for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*W. H. Brown & W. J. McIntire,* for the defendant.

*B. C. Moulton,* for the plaintiff.

LATHROP, J.. The findings of fact of the judge who tried this case without a jury are conclusive, and cannot be reviewed by this court. A check is a negotiable instrument, and a holder of it in good faith and without notice of any infirmity of title is entitled to maintain an action upon it against the maker, although the latter has a good defence as against the payee. *Ames* v. *Meriam,* 98 Mass. 294. *First National Bank* v. *Harris,* 108 Mass. 514. *Robertson* v. *Coleman,* 141. Mass. 231. The fact that it is post-dated does not take the case out of the rule. *Currie* v. *Misa,* L. R. 10 Ex. 153.

The check in this case was obtained by the payee from the maker by fraud, and the burden of proof was upon the indorsee to show that he took it for value and in good faith before its maturity. *Smith* v. *Livingston,* 111 Mass. 342. *Sullivan* v. *Langley,* 120 Mass. 437. *National Security Bank* v. *Cushman,* 121 Mass. 490. The judge found that the plaintiff was a *bona fide* holder, and the question is whether there was any evidence that he was such a holder, and whether he had sustained the burden of proof. It appeared that the plaintiff gave full value for the check, and there was evidence of all the circumstances attending the transaction. These were certainly evidence of good faith on his part. *Sullivan* v. *Langley, ubi supra. Freeman's National Bank* v. *Savery,* 127 Mass. 75, 79. *Lee* v. *Whitney,* 149 Mass. 447. The judge was, therefore, justified in his

finding, and in refusing to give the second and third requests for instructions.*

The remaining question is whether the first request † should have been given. The defendant testified that, when he delivered the check to Dearborn, the latter agreed not to use the check until Monday, the day it bore date. The plaintiff testified that Dearborn told him at the time he, the plaintiff, bought the check, that he did not wish him to deposit it until Monday, and that he had agreed with Stewart not to use it until Monday. The judge found the facts to be in accordance with this testimony, and further found "that the agreement not to use the check until Monday was in effect an agreement not to present it for payment until that time." Whether this is to be taken as a finding of fact or a ruling of law, it does not appear that it was wrong. The term "use" is a very indefinite one; and we cannot say, as matter of law, that the plaintiff was bound to understand by it that the agreement between the defendant and Dearborn was that the latter should not transfer the check. Unless the plaintiff was bound so to understand it, or did so understand it, the defendant has no ground of exception.

*Exceptions overruled.*

---

* These requests were, that on the evidence the defendant was not liable, the plaintiff not having sustained the burden of proof, and that there was no evidence that the plaintiff was a *bona fide* holder.

† This request was, "If the court finds that the defendant delivered the check in suit to F. A. Dearborn, the payee, upon the condition and understanding that it was not to be used until the following Monday, and Dearborn did use it by transferring it to the plaintiff before Monday, contrary to the said agreement, and communicated to the plaintiff the agreement that he, Dearborn, was not to use the check until the following Monday, then the defendant is not liable."