NATIONAL REVERE BANK *vs.* FRANK W. MORSE & others.

Suffolk.    December 10, 1894. — April 3, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Promissory Note taken as Collateral Security for pre-existing Debt — Action.*

At the trial of an action upon a promissory note, the testimony of the defendant, who was the maker, was that he gave the note, which was made payable to his own order, to a broker at the broker's request, and under an agreement with him that he should not use it or negotiate it unless the defendant failed to keep his margin good upon stocks bought for him by the broker, or he became indebted to the broker, and not then unless the broker first notified him and gave him a chance to make his margin good or to pay such indebtedness. The broker pledged the note before maturity to the plaintiff, as collateral security for the payment of a pre-existing debt. *Held,* that the note was taken for value, but that, if it was fraudulently put into circulation, the burden was upon the plaintiff to show that it took the note for value before maturity and without notice or knowledge of the fraud.

BILL IN EQUITY, filed in the Superior Court, to recover of the defendant Morse the sum of twenty-five hundred dollars and interest, on a promissory note of his, payable to his own order, dated August 28, 1890, by him indorsed in blank and given to R. Gardner Chase and Company as collateral security, and transferred by them before maturity to the plaintiff by delivery; and to reach and apply in payment thereof the defendant Morse's interest in the estate of his father, Albert Morse.

At the trial in the Superior Court, before *Richardson,* J., the defendant Morse asked the judge to instruct the jury that, if they found the note in suit, or any note of which the note in suit was a renewal, was given for a previous indebtedness, and not for any loans made at the time said notes or either of them were deposited as collateral security with Chase and Company, the action could not be maintained. The judge refused so to rule, and also directed the jury, against the objection of the defendant Morse, to return a verdict for the plaintiff for the full

amount of the note and interest; and the defendant Morse
alleged exceptions. The facts appear in the opinion.

The case was argued at the bar in December, 1894, and after-
wards was submitted on the briefs to all the judges.

*W. B. Orcutt,* for the defendant Morse.

*C. T. Davis,* for the plaintiff.

FIELD, C. J. This case cannot be distinguished from *Mer-
chants' National Bank* v. *Haverhill Iron Works,* 159 Mass. 158.
In that case the note was signed by the Haverhill Iron Works,
payable to its own order and by it indorsed in blank, and the
note was also indorsed in blank by the other defendants. The
defence in that case, as appears by the original bill of excep-
tions, was that the note had been fraudulently put into circu-
lation by the Potter-Lovell Company, and that the plain-
tiff did not take it for value and without notice of the fraud.
The Haverhill Iron Works sent the note to the Potter-Lovell
Company to be discounted by that company for the Iron Works,
and the Potter-Lovell Company pledged the note to the plaintiff
before its maturity as collateral security for the payment of a
loan of money made by the plaintiff to the Potter-Lovell Com-
pany. In the case at bar the testimony of the defendant Morse
was that he gave the note to R. Gardner Chase and Company
at their request, and under an agreement with them that they
should not use it or negotiate it unless he failed to keep his
margin good or became indebted to them on account of stocks
bought and sold by them for him, and not then unless they first
notified him and gave him a chance to make his margin good or
to pay such indebtedness, and that at all times he kept his mar-
gin good and never became indebted to them. On the defend-
ant Morse's testimony, R. Gardner Chase and Company could
not maintain an action against him on the note, because either
the note was without consideration, or there had been a failure
of consideration, or the note had been delivered to them to take
effect on a contingency which never occurred. See *Burke* v.
*Dulaney,* 153 U. S. 228. The main distinction between the de-
fences set up in the two cases is, that in one case the Potter-
Lovell Company pledged for its own debt a note sent to it to be
discounted, and in the other R. Gardner Chase and Company
pledged for their own debt a note left with them to be used

only in a certain event which never happened. Both were cases where, on the testimony of the defendants, the note was fraudulently put into circulation.

In *Smith* v. *Livingston*, 111 Mass. 342, it is said : " Upon proof that a note is founded in illegality, or was obtained or put in circulation fraudulently, the burden of proof is upon the indorsee to show that he took it for value and in good faith before its maturity. *Sistermans* v. *Field*, 9 Gray, 331. *Tucker* v. *Morrill*, 1 Allen, 528. *Smith* v. *Edgeworth*, 3 Allen, 233. *Clark* v. *Thayer*, 105 Mass. 216." By note is of course meant negotiable promissory note. See *Easter* v. *Allen*, 8 Allen, 7 ; *Freeman's National Bank* v. *Savery*, 127 Mass. 75 ; *Lee* v. *Whitney*, 149 Mass. 447.

No distinction has been made in this Commonwealth, so far as the defence in this case is concerned, between obtaining a note by fraud and fraudulently putting it into circulation. Cases cited *ubi supra*. See *Joy* v. *Diefendorf*, 130 N. Y. 6 ; *Comstock* v. *Hier*, 73 N. Y. 269.

If the note was taken as collateral security for the payment of a pre-existing debt, it was taken for value. *Goodwin* v. *Massachusetts Loan & Trust Co.* 152 Mass. 189, 199. If the note was fraudulently put into circulation, the burden was on the plaintiff to show that it took the note for value before maturity and in good faith, that is, without notice or knowledge of the fraud.

For these reasons a majority of the court are of opinion that on the evidence the judge could not direct a verdict for the plaintiff against the objection of the defendant Morse, but that the case should have been submitted to the jury.

*Exceptions sustained.*