HENRY H. SAVAGE *vs.* H. OWEN GOLDSMITH & another.

Suffolk.    March 6, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Evidence*, Burden of proof. *Bills and Notes.*

A ruling, that the maker and indorser sued on a promissory note must establish the fact that the plaintiff took the note without paying value for it before they can show fraud in the inception and delivery of the note, is wrong. The reverse is correct, that upon proof that a note was obtained or put into circulation by fraud, the indorsee, in order to recover, must show that he gave value for it in good faith before maturity.

MORTON, J. This is an action upon a promissory note against the maker and the first indorser after the maker. The signatures were admitted and the plaintiff put in the note and protest and rested. The defendants thereupon proposed to introduce testimony to show fraud in the inception and delivery of the note. But the judge ruled that the defendants could not show fraud until they had first established the fact that the plaintiff took the note without paying value for it. The defendants excepted to this ruling, and, because of it, called the plaintiff and the broker who negotiated the note to him to show if they could that the plaintiff did not take the note for value. This was all of the evidence introduced by the defendants and at its conclusion the defendants rested and the judge directed a verdict for the plaintiff. The case is here on exceptions by the defendants to these rulings.

We think it is plain that the ruling that the defendants could not show fraud in the inception and delivery of the note till they had established the fact that the plaintiff took the note without paying value for it was erroneous. It is expressly held

in *Sistermans* v. *Field*, 9 Gray, 331, 337, " that upon proof that a promissory note . . . was obtained or put in circulation fraudulently," before an indorsee can recover upon it, he " must show that he gave value for it; and . . . it is not first incumbent on the defendant to show the contrary." See also *Tucker* v. *Morrill*, 1 Allen, 528; *Smith* v. *Edgeworth*, 3 Allen, 233; *Smith* v. *Livingston*, 111 Mass. 342; *Merchants' National Bank* v. *Haverhill Iron Works*, 159 Mass. 158; *National Revere Bank* v. *Morse*, 163 Mass. 383.

Upon proof that the note was obtained or put in circulation fraudulently, the burden was upon the indorsee to show that he took it for value and in good faith before maturity. *Smith* v. *Livingston, supra*, 344.

No objection appears to have been made that the answers did not set up fraud. The answer of the defendant Goldsmith alleged it in terms, and the ruling appears to have been made on the uncontroverted assumption that it was sufficiently alleged in both answers, and was a defence common to both defendants. The ruling also appears to have been made without regard to the question whether the evidence which the defendants proposed to introduce would sustain the charge of fraud or not, and without requiring any statement of it. The objection therefore, that it does not appear, what the answers would have been to the questions that were put and excluded is not valid.

*Exceptions sustained.*

*W. R. Buckminster*, for the defendants.
*M. E. S. Clemons*, for the plaintiff.