PETER G. FREITTENBERG, Appellant, v. JOHN H. RUBEL,
Appellee.

**Bills and Notes:** WANT OF CONSIDERATION. Where one purchases
1   a note after maturity, want of consideration is a good defense
to his suit thereon.

**Bills and Notes:** GOOD FAITH PURCHASER: BURDEN OF PROOF. Where
2   there has been failure of consideration for a note and the orig-
inal payee has fraudulently put the same in circulation, the
burden of proof is not on the holder, in a suit thereon, to show
that he is a good faith purchaser for value before maturity.

*Appeal from Pocahontas District Court.*—HON. W. B.
QUARTON, Judge.

WEDNESDAY, FEBRUARY 17, 1904.

ACTION at law upon two promissory notes. Defense,
failure of consideration. Trial to a jury. Directed verdict
for defendant, and plaintiff appeals.—*Reversed.*

*Heald & Ralston* for appellant.

*Maurice O'Connor* and *T. F. Lynch* for appellee.

DEEMER, C. J.—The action is upon two notes, for the sum of $345 each, given by defendant to one L. Payne on August 17, 1897; one maturing November 1, 1898, and the other March 1, 1899. On the back of each were the following indorsements: "This note given for rent on the farm for 1898." "August 16th, 1898, without recourse. L. Payne." Among other things, defendant pleaded failure of consideration, and that plaintiff was not a good-faith purchaser of the notes before maturity. The notes were given for rent for the year 1898 of a farm in Illinois belonging to Payne. Defendant did not occupy or use the farm during that year, and the evidence shows, without conflict, that it was agreed between defendant and Payne, the lessor, that the lease should be surrendered and the notes returned to the maker. Instead of returning the notes, Payne turned them over to one Saunders for collection, and they were in Saunders' hands until about January 1, 1899, which, as will be observed, was long after the maturity of the first note. Saunders was approached with reference to buying them, and, as he did not wish to do so, Payne left them with him for collection. It was at this time that Payne wrote on the back of each: "Without recourse. L. Payne." The date of the settlement and the clause as to rent were added after the notes were redelivered to Payne Thereafter, and shortly before the maturity of the note last maturing, Payne again inquired about the collection of the notes. Payne stated when trying to sell the notes that he thought he should have something out of them, in consideration for his trouble in re-renting the farm. The notes were produced at the trial by an attorney who testified that he received them from a man in Illinois by the name of Andrews, who, it appears, was a notary and collection agent. This is practically all the evidence in the case, and it is manifest that the court was right in directing a verdict for defendant as to the note first matur-

ing, for the plain reason that plaintiff, whoever he may be, did not get it before maturity. As to the one last maturing, the case turns on the question as to who had the burden of showing that plaintiff, or the real holder of the note, took it without notice of defendant's defense, and of Payne's failure to return the instrument as agreed. Proof of failure of consideration does not of itself shift the burden of proof to a plaintiff to show purchase before maturity for value and without notice. But defendant contends that where the consideration for the note has failed, and the original payee has fraudulently put the note in circulation, contrary to his agreement to return, the burden shifts to the holder to show that he is a purchaser *bona fide,* for value, before maturity. This is the rule in New York and some other states. See *Ocean Bank v. Carll,* 55 N. Y. 441; *Vallet v. Parker,* 6 Wend. 615; *Smith v. Livingstone,* 111 Mass. 342; *National Revere Bank v. Morse,* 163 Mass. 383 (40 N. E. Rep. 180). We have not adopted it, however, but, on the contrary, have announced another doctrine for Iowa. *First National Bank v. Getz,* 96 Iowa, 139. Mr. Daniel, in his work on Negotiable Instruments (2d Ed., section 814 *et seq.*), says that our view accords with that generally adopted by the courts. Since that decision the Legislature has enacted the uniform negotiable instrument law, and appellee's counsel quote certain sections from that act which seem to adhere to the New York doctrine. As this case was tried before that act went into effect, and as the act itself expressly states that it does not apply to instruments made and delivered prior to the passage thereof, we have no occasion to do more than say that it is not applicable to this case.

We reach the conclusion that the case should have gone to the jury on the question as to whether or not plaintiff was a holder of the second note in due course, for value, before maturity, without notice of the facts pleaded in defense. As the verdict herein was right as to the note first maturing, the plaintiff should pay one-half the costs of this appeal.— REVERSED.