J. REGESTER'S SONS COMPANY *vs.* WILLIAM G. REED & others.

WESLEY C. KOLLER *vs.* THOMAS S. MOFFATT & others.

Suffolk.    December 10, 1903. — February 27, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Pleading and Practice.    Bills and Notes.    Evidence,* Burden of proof.

On an appeal in equity this court will not reverse findings of fact made by the court below unless clearly erroneous.

Where it appears that a promissory note was put into circulation fraudulently, the burden of proof is upon one claiming title to the note to show that he gave a valuable consideration for it without knowledge of the fraud.

TWO BILLS IN EQUITY, filed September 2 and 5, 1902, to obtain possession of certain promissory notes alleged to have been withheld and secreted wrongfully by the defendants.

In the Superior Court the cases were heard by *Hardy,* J., who made a decree for the plaintiff in each case. The defendants appealed.

*C. F. Eldredge & W. A. Buie,* for the defendants Clark and Warner.

*H. S. MacPherson,* for J. Regester's Sons Company.

*G. F. Ordway,* for Koller.

LATHROP, J.    Each of these cases comes before us on an appeal from a decree of a judge of the Superior Court, sitting in equity, with a full report of the evidence taken before him by a commissioner appointed under a rule of court. The judge, at the

request of the defendants, in each case made a finding of facts, and this finding is a part of the record.

The familiar rule applies that in such an appeal this court will not reverse the finding of the court below unless it clearly appears to be erroneous. *Dickinson* v. *Todd,* 172 Mass. 183, and cases cited. We have examined the voluminous report of the evidence and are of opinion that the findings of the judge were fully warranted. It would serve no useful purpose to review the evidence.

The defendants contend that the findings must be supported by the evidence, including the inferences to be drawn from the written and spoken words, and the conduct of the parties and their witnesses, and that mere suspicion is not enough. So far we agree; but it appears from the evidence that the notes were fraudulently put into circulation, and the burden of proof was upon the defendants to show that they gave a valuable consideration for the same, and took the notes without knowledge of the plaintiffs' rights. *Merchants' National Bank of Lowell* v. *Haverhill Iron Works,* 159 Mass. 158. *Savage* v. *Goldsmith,* 181 Mass. 420. The defendants failed to satisfy the judge who heard the cases that they had sustained this burden, and they have failed to satisfy us.

The order therefore in each case must be

*Decree affirmed.*