ABBIE T. WIGHT *vs.* WALTER W. SHAW, administrator.

SAME *vs.* SAME.

Norfolk.    March 12, 1909. — June 23, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Executor and Administrator,* Petition for leave to bring suit on bond, Accounts. *Bond,* Technical breach. *Probate Court. Appeal.*

Leave to bring suit against an administrator on his official bond may be refused where a single justice who hears the petition on appeal from a decree of the Probate Court finds on evidence warranting the finding that there was no evidence that there had been "any breach of the bond which has brought any damage to the estate, and I do not know that there has been a technical breach. Possibly there has been. . . . There is no such breach of his bond as would justify the Probate Court in ordering an action to be commenced upon it."

Where, on an appeal from a decree of the Probate Court reforming and then allowing in amended form accounts of an administrator, a single justice of this court after hearing evidence makes findings showing that there is no basis of fact for the objection of the appellant, and his findings are well warranted by the evidence, which is reported in full, this court will not reverse such findings.

APPEAL from a decree of the Probate Court of the county of Norfolk dismissing a petition for leave to sue the administrator of the estate of Nathan Crane, late of Canton, upon his official bond; also an

APPEAL from a decree of the same court reforming and then allowing the first and second accounts of that administrator.

The objections to the decree, filed with the first appeal, were as follows:

" 1. Said administrator has not rendered a true account of his administration though cited by the court.

" 2. Said administrator has not faithfully administered said estate according to law.

" 3. Said administrator has unreasonably delayed the settlement of his account and the distribution of said estate."

The objections filed with the second appeal were as follows:

" 1. Said court wrongly credited said administrator with the payment to Lizzie S. Barnes of the amounts stated in [certain items of the accounts] . . . — to wit, the sum of $3,409.82 alleged to have been paid to her in addition to the amount of a judgment for $632.18 recovered by her on December 7, 1903, in an action against said administrator.

" 2. Said court wrongly found that a certain mortgage assigned by John H. Davis for $507.80 to said Nathan Crane on the 10th day of November, A. D. 1897, and recorded . . . is of no value. . . .

" 3. Said court wrongly failed to charge said administrator with the face value and interest of a certain mortgage for $2,000 given by said Walter W. Shaw to said Nathan Crane, dated June 16, 1897, and recorded . . . and said court wrongly failed to charge said administrator with said face value and interest as assets of the estate in his hands.

" 4. Said court wrongly credited said administrator with the payment to Lizzie S. Barnes of the sum of $632.18, being the amount of the judgment recovered by her on December 7, 1903, in a suit brought by said Barnes against said administrator. . . ."

The items of payments to Lizzie S. Barnes, referred to in the first objection filed in the second case, were twelve in number, five of them being made between March and November, 1900, five between January and June, 1901, one of them in March and one in May, 1902. The respondent was appointed administrator on March 7, 1900.

The appeals were heard by *Loring,* J. A commissioner was appointed to take the testimony. The justice filed the following memorandum of findings:

" I find in this case that the administrator has been honest in the administration of this estate, and that he exercised due care in realizing the assets thereof.

"I find that he exercised due care in defending the action which was brought against the estate by Mrs. Barnes, and I find as a fact that the verdict of the jury in that case established the fact that the $3,409.82 which he had previously paid to her was justly due to her.

"I find that the jury also found that in addition to the $3,409.82, there was due to her a further sum, which amounted to $632.18 when he paid it.

"In defending that action I find that he exercised due care, and those two sums should be allowed to him.

"I find that he also exercised due care in ascertaining whether the mortgage on the land in China, in Maine, [the 'Davis mortgage' mentioned in the opinion and in the second objection in the second case] was a valid mortgage; that he was advised that it was not, and that he properly under those circumstances did not push the matter further and put the estate to expense in a matter in which he could recover nothing, and therefore I find that he was properly allowed the $507, the amount of the China mortgage, as a loss.

"I find as a fact that he paid the $2,000 note before the death of the intestate, and that therefore he should not be charged with the amount of that mortgage note.

"I therefore affirm the first decree [the second decree appealed from] which was appealed from.

"So far as the second decree [the first decree appealed from] is concerned, there has been no evidence before me that there has been any breach of the bond which has brought any damage to the estate, and I do not know that there has been a technical breach. Possibly there has been. This argument that he should account for interest on sums because there has been a delay, whether it is in part due to him or not, is not enough to put in suit his bond, and I find that there is no such breach of his bond as would justify the Probate Court in ordering an action to be commenced upon it."

*H. M. Dean,* (*H. M. Dean, Jr.,* with him,) for the appellant.

*T. E. Grover,* for the administrator.

SHELDON, J. 1. The first of these cases comes before us upon an appeal from a decree of the Probate Court dismissing the appellant's petition for leave to sue the respondent upon his offi-

cial bond as administrator of the estate of Nathan Crane. At the hearing before a single justice of this court, he found no evidence of any breach of the bond which had brought any damage to the estate, and did not find that there had been even a technical breach. He ruled that the bond ought not to be put in suit merely on the ground that the administrator should account for interest because there had been delay, whether that delay was due to him or not; and found affirmatively that there was no such breach of the bond as would justify the Probate Court in ordering suit brought upon it. In our opinion these findings were well warranted by the evidence, and we could not reverse them unless they were plainly wrong. _Lindsey_ v. _Bird_, 193 Mass. 200. _Regester's Sons Co._ v. _Reed_, 185 Mass. 226. Plainly upon these findings leave to bring suit upon the bond ought not to be granted. As to the first reason assigned in the petition, it is enough to say that the administrator does not contest the correctness of his account as reformed by the Probate Court; and that account, so reformed, appears to be a true account. The second and third reasons likewise are not supported by the facts in evidence.

2. The second case is an appeal from the allowance by the Probate Court of the administrator's accounts as reformed by that court. Neither one of the four specific objections made by the appellant to these accounts has been maintained by the evidence. The final payment to Mrs. Barnes was made in good faith after her claims had been established by litigation which the administrator exercised due care in defending. The amount due on the Davis mortgage, it was found, was properly allowed as a loss. The mortgage note which had been due from the administrator to the intestate was shown to have been paid to the intestate in his lifetime, and accordingly the administrator should not be charged with the amount thereof.

In each case the order must be

_Decree affirmed._