OLD COLONY TRUST COMPANY, executor, *vs.* ANNIE L. WALLACE & others.

Suffolk.    December 7, 1911. — June 19, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Probate Court,* Parties, Exceptions.  *Witness,* Cross-examination.  *Executor and Administrator.  Trust Company.*

In an appeal from a decree of the Probate Court allowing an instrument as a will, where no order has been made permitting a certain beneficiary to appear and be heard in support of the will, such beneficiary is not a party to the suit, although the record shows an appearance of an attorney at law in his behalf in favor of the petition of the executor; and accordingly the contestants, having summoned such beneficiary as a witness, have not the right to cross-examine him as an adverse party under R. L. c. 175, § 22.

A trust company incorporated in 1890, "with all the powers and privileges and subject to all the duties, liabilities and restrictions set forth in all general laws which now are or may hereafter be in force relating to such corporations," under the express provisions of R. L. c. 116, § 18, may be appointed the executor of a will.

At the trial of an appeal from a decree of the Probate Court allowing a will, no exception lies to the refusal of the single justice to make a ruling which calls for a finding of fact that on the evidence before him he is not bound to make.

MORTON, J.  This is an appeal from a decree of the Probate Court of Suffolk County allowing an instrument dated April 17, 1905, as the last will and testament of one Mary E. Phelps.  The case was heard by a single justice * without a jury.  He ordered a decree to be entered affirming the decree of the Probate Court and remanding the case to that court for further proceedings.  The case comes here on exceptions by the appellants to various rulings and refusals to rule by the single justice.  We take up and consider

---

* *Braley,* J.

the exceptions only so far as they have been argued by the appellants, treating the others as waived.

1. The appellants are sisters and a half-sister of the testatrix. Another sister, Mrs. Adams, and her children are the principal beneficiaries under the will. The record shows an appearance by Lyman W. Griswold, an attorney at law, in behalf of Mrs. Adams in favor of the petition, and he was present during a part of the hearing before the single justice. Mrs. Adams was called as a witness by the appellants and they claimed the right to cross-examine her as an adverse party. The single justice ruled that they were not entitled as of right to cross-examine her, and the appellants excepted. This is the first exception. Although "The decree of the court admitting the will to probate is in the nature of a judgment *in rem*, which establishes the will against all the world," *Bonnemort* v. *Gill*, 167 Mass. 338, 340, the executor and contestants are so far adverse parties that, as was assumed in *Moore* v. *Stoddard*, 206 Mass. 395, the executor has a right to file interrogatories under R. L. c. 162, § 41, which the contestants can be required to answer. In the present case, however, Mrs. Adams was not a party to the proceedings. The only parties were the executor on one side and the contestants or appellants on the other. While, if a proper case was made out, it was within the discretion of the single justice to have allowed her to appear and be heard in support of the will (*Old Colony Trust Co.* v. *Bailey*, 202 Mass. 283, 290, 291), no such rule or order was passed, and she was not therefore in any proper sense a party to the proceedings. The appearance of an attorney in her behalf in favor of the petition for allowance of the will did not without anything more constitute her a party to the proceedings so as to entitle the contestants to cross-examine her as an adverse party. This exception must therefore be overruled.

2. The contestants asked the single justice to rule that "Upon all the evidence the petition should be dismissed for want of jurisdiction" on the ground that the petitioner had no standing in court as executor. The ruling was rightly refused. By the act of incorporation the petitioner was authorized "to establish and maintain a safe deposit, loan and trust company in the city of Boston; with all the powers and privileges and subject to all the duties, liabilities and restrictions set forth in all general laws

which now are or may hereafter be in force relating to such corporations." St. 1890, c. 288. By R. L. c. 116, § 18, it is expressly provided that such corporations may be appointed executors, administrators, trustees or guardians in the same manner "as a legally qualified person." The petitioner could rightly act therefore as executor. The contestants also asked the justice to rule that "The petitioner is without standing in court because it procured its nomination as executor of the will by false pretenses and false representations that it had the right to act as an attorney at law in making and executing wills." The request was properly refused as calling for a finding of facts which the justice was not bound on the evidence before him to make. In addition the justice found that the testatrix was not induced to make her will by the petitioner or any officer or agent acting in its behalf. The ruling requested was rightly refused. These exceptions must also be overruled.

3. The contestants also asked the single justice to rule that the evidence did not warrant a finding that the will was legally executed in the presence of three competent witnesses, by a person having testamentary capacity. The ruling thus asked for presented a question of fact which it was for the justice to pass upon. His findings in relation thereto will not be set aside unless plainly wrong. *Wight* v. *Shaw,* 202 Mass. 541. He found that the testatrix was of testamentary capacity and that "the will was duly executed in the presence of three competent witnesses, who saw the testatrix sign, and who affixed their signatures as witnesses in her presence and in the presence of each other." So far as the evidence is reported it shows that these findings were plainly right. This exception also must be overruled.

It follows that the entry must be: Exceptions overruled.

*So ordered.*

*C. Reno,* for the contestants.

*S. H. Pillsbury,* for the petitioner.