Cavan, J.
This is an action of contract wherein the plaintiff, as endorsee, seeks to recover from the defendant, as maker of seven checks, each in the sum of one hundred dollars.
In June, 1948, the plaintiff made a loan of $800.00 to Morris Zaff, president and treasurer of the defendant corporation, and took from him,' as payment thereof, eight *49 post-dated checks of the defendant, each in the sum of $100.00, each payable to M. Zaff and each endorsed in blank by Mr. Zaff.
The earliest dated of these checks was paid upon presentation. The remaining checks were all dated after .July 4, 1.948, upon which day Morris Zaff died, and payment of them was refused as they were presented.
The trial judge found for the plaintiff and assessed damages in the sum of seven hundred dollars.
The defendant claims to be aggrieved by the judge’s refusal to give the following requests for rulings:
(1) The evidence does not warrant a finding for the plaintiff. (2) The evidence warrants a finding for the defendant. (3) Upon all the law and evidence in this case, the plaintiff cannot recover for the following reasons: (a) There was no consideration, by the plaintiff to the defendant for the alleged checks, (b) There was'no authority granted by the corporation for the issuance of the alleged checks, (c) The alleged transaction between the plaintiff and the individual who issued the alleged checks was without authority of the defendant corporation and was ultra vires, (d) The checks alleged in the plaintiff’s declaration were postdated checks and became void upon the death of Morris Zaff on July 4,1948. (4) The checks set forth, in the seven counts of the plaintiff’s declaration were postdated checks which were issued without the authority of the defendant and were dated beyond the date of death of the person who signed the checks, in consequence of which the said checks were void and the plaintiff cannot recover.
In the judge’s statement of findings of fact appears the following:
“I find ... that Morris Zaff was its (defendant’s) president and treasurer to the date of his death, and that he had authority to sign all notes, checks and drafts on behalf of the corporation; ... I find that at the time of the *50 delivery of the checks to the plaintiff, by Morris Zaff, he took them in good faith and for value and that he believed that Morris Zaff came rightfully into possession of these checks and that he had no knowledge of any infirmity in the title of Morris Zaff in these checks, and that they were given for consideration, and that the plaintiff was a holder in due course.”
The defendant’s requests numbered 1 and 2, were rendered irrelevant by the foregoing findings of fact. Bresnick v. Heath, 292 Mass. 293, 298.
With these findings of fact, the opinion in the case of Bill v. Stewart, 156 Mass. 508, 509, makes it evident that there was no error in the denial of the defendant’s requests, numbered 3 and 4: “A check is a negotiable instrument, and a holder of it in good faith and without notice of any infirmity of title is entitled to maintain an action upon it against the maker, although the latter has a good defence as against the payee. The fact that it is post-dated does not take the case out of the rule.”
It was admitted and found that Morris Zaff had authority to sign checks in the name of the defendant and it was sufficient for the plaintiff, a holder in good faith, to show that he gave consideration to the endorser.
The death of Morris Zaff had no effect upon the validity of these checks for he was not the maker and the plaintiff acquired title to them as of the date of delivery. G. L. (Ter. Ed.) chapter 107, § 34.
Under facts herein found, the defendant is estopped from setting up the defense of ultra vires. Monument National Bank v. Globe Works, 101 Mass. 57, 58.
There was no prejudicial error in the refusal to give the defendant’s requests for rulings, and the report is to be dismissed.