# THE CITY BANK OF DOWAGIAC v. CAIPHAS DILL.

*Bills and notes—Good-faith holder—Collateral security—Evidence— Deposition.*

1. A banking firm received from a customer the promissory note of a third person, not yet due, as collateral security for a loan made to the customer, which was not evidenced by any writing. Nine days afterwards, and after the note was due, the customer gave the bankers his note for the amount of the loan, drawing interest at ten per cent., and the bankers continued to hold the first note as collateral to the second note, but without the consent of the maker, which latter holding is held to be subject to any defenses which existed between the maker of the note and the customer.

2. A stipulation for taking the deposition of a witness in another state provided that it should be taken on the direct and cross interrogatories annexed to the stipulation before a designated county judge, on the corporal oath of the witness, to be first administered by the commissioner. The deposition was to be annexed to the interrogatories and stipulation, and returned by mail to the clerk of the court where the suit was pending. The papers were received by the clerk inclosed in a sealed envelope, but not so attached together. The affidavit of the witness was attached, in which he swore that his answers to the interrogatories propounded to him by the county judge were true and correct; and the judge certified that the witness was duly sworn before the questions were asked, and was sworn to the answers after they were given. And it is held that, the deposition having been taken under stipulation, the Court are not inclined to reject it because of the failure of the commissioner to attach the papers together; and that the return shows that the witness was sworn both before and after giving his testimony.

Error to Cass. (O'Hara, J.) Argued January 23, 1891. Decided February 6, 1891.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*F. J. Atwell,* for appellant.

*Coy W. Hendryx*, for plaintiff.

CHAMPLIN, C. J. Suit was commenced in justice's court by the City Bank of Dowagiac against Caiphas Dill to recover the amount claimed to be due upon a due-bill signed by Dill, payable to G. S. O'Brien or bearer, one day after date, for $80. It was dated November 10, 1886. The parties appeared before the justice, when the plaintiff declared verbally upon all the common counts in *assumpsit*, and specially upon the due-bill, which reads as follows:

"DOWAGIAC, November 10, 1886.

"Due one day after date, G. S. O' Brien or bearer, eighty dollars ($80.00), for value received, with interest.

"C. DILL."

The plaintiff filed the due-bill as a full bill of particulars. The defendant pleaded—

"The general issue; want of consideration; no consideration for the note; note came into plaintiff's hands after it was due."

After the testimony before the justice was taken, plaintiff, by leave, amended its pleadings "so as to show that its interest in the note sued on extended only so far as the principal indebtedness of G. S. O'Brien's note to the plaintiff, collateral to which note is the note in issue of Caiphas Dill;" and thereupon the note of G. S. O'Brien was offered in evidence by the plaintiff, and reads as follows:

"DOWAGIAC, MICH., Nov. 19, 1886.

"On demand, after date, I promise to pay to the order of D. Lyle & Co. fifty dollars at the Dowagiac City Bank, Dowagiac, Michigan, with interest at ten per cent. per annum. Value received.

"G. S. O'BRIEN."

The following indorsement appears on said note:

"DOWAGIAC, April 1, '87.

"Pay to the order of City Bank.

"D. LYLE & Co."

On the trial in the circuit the plaintiff introduced testimony tending to prove that about April 1, 1887, the notes were assigned to plaintiff by the firm of D. Lyle & Co.;[1] that the note of Dill for $80 was pinned to the note of O'Brien for $50 as collateral security therefor; that D. Lyle & Co. loaned to O'Brien, on November 10, 1886, $50, which transaction was not evidenced by a note, or in any other manner than by a slip made by them, and which was regarded by them as a cash item; that at the same time they received from O'Brien the due-bill (written in pencil) for $80 as a collateral security for such loan of $50; that afterwards, and on November 19, 1886, they received from O'Brien his note for the $50 ]oaned to him on the 10th, and that they continued to hold the note for $80 as collateral security for this note. There was no assignment of the indebtedness of $50, which existed in the form of a cash item from the 10th to the 19th of November, from D. Lyle & Co. to the City Bank. It does not appear that Dill knew of or consented to the change in form of the indebtedness from a cash item to the note, or that he consented in any manner that his note might be held by D. Lyle & Co. as collateral security for such note.

Defendant claimed, and gave testimony of himself, corroborated by the testimony of two witnesses, that he, being indebted to one Gage in the sum of $80, was requested by O'Brien to permit him to pay Gage, as he thought he could induce Gage to take a wagon and some groceries, and Dill pay him (O'Brien) the money due Gage, as he could make better use of the money than he could of the property, to which Dill assented; that O'Brien then drew up the due-bill for $80, and Dill

---

[1] Plaintiff was the successor of D. Lyle & Co., a firm of private bankers, and the assignment of the O'Brien note was made to the bank in the firm name, after the death of Mr. Lyle, by one of the surviving partners.

signed it, O'Brien agreeing that, if he did not succeed in paying Gage in the manner proposed, he would return the due-bill to Dill; that this was on November 10; that afterwards the due-bill was still in O'Brien's possession; that on November 24, 1886, Gage, O'Brien, Dill, and Srack-angast were in O'Brien's store, and Gage requested Dill to pay him the $80 which he owed him; that Dill asked O'Brien if he had paid Gage, and he replied that he had not, and said, "You pay Gage;" that Dill thereupon paid Gage, and demanded the due-bill from O'Brien, who replied he had put it in the bank three or four days before, but that Dill need not be troubled about it, as he would take care of it; that Dill told him he had no right to put it in the bank, and he said to Dill not to be troubled, as he would get it,—take care of it.

The court presented the case to the jury upon the question whether the firm of D. Lyle & Co. received the due-bill as collateral security before it was due, and told them that the introduction of the note in evidence made a *prima facie* case; and that—

"When Mr. Dill questions the good faith of the assignment of this note before maturity in order to defeat a recovery, he must, before he can recover, satisfy you by a fair preponderance of evidence that the assignment to Lyle & Co. was made after maturity, or that the note was not made for value, or that Lyle & Co. took the note with notice of the defense interposed by Mr. Dill."

Under the testimony disclosed by this record, this charge as to the burden of proof is erroneous. The testimony of defendant, if believed, made a complete defense to the note, and threw the burden of proof upon the plaintiff to show that D. Lyle & Co. purchased it before maturity, for value, and without notice of facts which constituted a defense as against the note in O'Brien's hands. *Manistee National Bank v. Seymour,* 64 Mich. 59. This testimony should have been submitted to

the jury under proper instructions as to the law, in case they found it true.

If the jury should find the facts as the defendant's testimony tended to prove them to be, then the plaintiff could not recover in this case, for the reason that, although the note, if received by D. Lyle & Co. before maturity to secure the payment of cash loaned to O'Brien, might be held by them for a repayment of such cash, yet, after the maturity of the note, their protection as innocent purchasers did not extend to holding it as a collateral security for a new and different engagement of O'Brien, as evidenced by the note of November 19. Here was a new and additional agreement to pay interest at the rate of 10 per cent. To all intents and purposes it was a new and original agreement, and a new pledge of the note for $80 after its maturity, and therefore open to any defenses which existed between O'Brien and Dill. It is this note which forms the basis of any recovery by the plaintiff as assignee from D. Lyle & Co., and not the original indebtedness or consideration passing between O'Brien and D. Lyle & Co., for which the $80 note was pledged as collateral. Had the note of November 19 not contained any new agreement, but merely evidenced the original transaction, the case might be different if the pleadings had been such as to permit proof to be made of the original agreement.

We see no objections to the deposition, except that the papers were not attached together; but, as it is conceded that they were received by the clerk inclosed in a sealed envelope, and having been taken under stipulation, we are not inclined to reject them on that ground. The return shows that the witness was sworn both before and after giving his testimony.

The judgment is reversed, and a new trial granted.

The other Justices concurred.