THE CITY BANK OF DOWAGIAC v. CAIPHAS DILL.

[See 84 Mich. 549.]

*Bills and notes—Good-faith holder—Evidence—Burden of proof.*

This case is held to have been fairly tried and submitted to the jury under the rules laid down in the former opinion, reported in 84 Mich. 549, and the judgment in favor of the plaintiff is affirmed.

Error to Cass.   (O'Hara, J.)   Argued June 23, 1894. Decided October 16, 1894.

*Assumpsit.*   Defendant brings error.   Affirmed.   The facts are stated in the opinion, and in 84 Mich. 549.

*F. J. Atwell (Spafford Tryon,* of counsel), for appellant. *Coy W. Hendryx* and *Howard & Roos,* for plaintiff.

LONG, J.   This case was in this Court at the January term of 1891, and was reversed and remanded for a new trial (84 Mich. 549), which has now been had, and in which plaintiff recovered.   The facts are fully set out in the former opinion, in which it was held that the testimony of defendant, if believed, made a complete defense to the note, and threw the burden of proof upon the plaintiff to show that D. Lyle & Co. purchased it before maturity, for value, and without notice of the facts which constituted a defense as against the note in O'Brien's hands.   On the present trial the court submitted that question of fact to the jury, and put the burden of proof upon the plaintiff, saying to them, in substance, that, unless they should find by a preponderance of evidence that this $80 due-bill was a part of the consideration of the $600 note given by O'Brien to Dill, the plaintiff could not recover.   In other words, the court stated to the jury that, if O'Brien could not recover against Dill on this $80 due-bill, then the bank could not recover.

Several errors are assigned upon the admission of evidence and the charge; but, after a careful review of the case and the assignments made in the brief of counsel, we find no error of which the defendant can complain, and, as we think the case was fairly tried and submitted to the jury under the rules laid down in the former opinion, there is

no necessity for discussing the various assignments of error.

Judgment is affirmed.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.