FARMERS LOAN AND TRUST COMPANY, Appellant, v. JOHN OLSON, L. E. GUTZ, AND AUGUST RIPKE.

ALTERATION OF NOTE: BURDEN OF PROOF.

*Appeal from Calhoun District Court.*—HON. GEORGE W. PAINE, Judge.

FRIDAY, DECEMBER 14, 1894.

ACTION upon a promissory note. Trial by jury. Verdict and judgment for defendants. Plaintiff appeals.—*Affirmed.*

*M. J. Sweeley* for appellant.

*R. M. Wright* and *O. J. Jolley* for appellees.

ROTHROCK, J.—I.  The following is a copy of that part of the note upon which the questions involved in the appeal arise:

" $145.10. POMEROY, IOWA, Nov. 13, 1891.

" March 1st after date, we promise to pay to the order of August Ripke the sum of one hundred and forty-five and 10-100 dollars, for value received, with eight per cent interest per annum from   * * *.

(Signed) "JOHN OLSON.<br>"L. E. GUTZ."

The said note is indorsed as follows:

" For value received, I hereby guaranty payment of the within note, and waive demand, presentment, and notice of protest of same when due.

(Signed) "A. RIPKE."

The indorsement was made to the plaintiff bank before the note became due.  The bank discounted the note in the regular order of business.  It appears without any real conflict in the evidence that, when the note was executed and delivered to Ripke by Olson and Gutz, the word "maturity" was upon the face of the note, immediately after the word 'from," so that the instrument did not draw interest from its date, but from its maturity.  About the time the money became due, Gutz, one of the makers, went to the bank to pay it, and when it was presented the word "maturity" had been erased.  The fact of the erasure is not in dispute.  The note has been certified to this court, and it is apparent that an erasure was made, and it is so complete that no part of the word can be discovered by an inspection of the instrument.  The makers and the indorsers refused to make payment; suit was brought; and all of the defendants rely upon an alleged false and fraudulent alteration of the note as a defense to the action.  No question is made as to the materiality of the alteration.  It increased the liability of the makers, and avoided the note, unless the alteration was made without authority, or by a stranger to the instrument.  As we have said, the evidence is almost conclusive that the erasure was made after the paper was signed and delivered to Ripke.  The main contention upon the trial was whether it was altered while in the possession of Ripke, or after he delivered it to the bank.  The court rightly instructed the jury, in substance, that the burden was on the defendants to establish the disputed fact by a preponderance of evidence.  It is claimed in behalf of plaintiff that the verdict is not supported by the evidence.  The only witnesses who testified to the actual condition of the note when it was sold by Ripke to the bank was Ripke, in behalf of the defendants, and J. H. Lowry, the cashier, and E. J. Masterson, clerk in the bank.  Ripke testified that the note was in his possession from the time that it was executed until he sold it to the bank, and that no alteration or change had been made up to that time.  The other two witnesses testified that it was not altered after it was received by the bank.  There are many other facts and circumstances in the evidence not necessary to set out here.  We have stated enough to show that there was a very decided conflict in the evidence as to when the note was altered.  There is no suggestion that the erasure was made by a stranger.  It was a fair question for the jury to determine the credi

bility of the witnesses. And we can not hold that there was a failure on the part of the defendants to produce evidence in support of their defense sufficient to authorize a verdict in their favor.

II. Objection is made to certain parts of the instructions given by the court to the jury, and to the refusal to give instructions asked by the plaintiff. And it is claimed the court erred in rulings on the admission and exclusion of evidence. We do not think it is necessary to set out these alleged errors. We do not regard any of them as well taken, and a separate discussion of them would serve no useful purpose. The judgment of the district court is AFFIRMED.