## FOLEY–WADSWORTH IMPLEMENT CO. v. SOLOMON *et al.*

An instrument whereby plaintiff sold to N. certain goods, and defendants guarantied payment therefor, is admissible in evidence, notwithstanding that over the printed word "July", designating the term of credit, is written the word "October"; it not being claimed that plaintiff obtained any advantage by extension of the term of credit, and the presumption therefore being that the alteration was before or at the time of execution and delivery of the instrument, and the burden being on defendant to show that it was material and subsequent to the execution and delivery.

(Opinion filed March 17; 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action against the makers and guarantors of certain promissory notes. The court directed a verdict in favor of the defendant guarantors, and from the judgment entered thereupon, plaintiffs appeal. Reversed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.
*C. S. Palmer*, for respondents.

FULLER, J.   On the 22d day of November, 1893, and upon two occasions during the year 1894, the defendants J. W. Norris and O. S. Ferry, a co-partnership, engaged in retail implement business, as Norris & Ferry, gave to plaintiffs certain orders for goods, and in accordance therewith, subsequently executed 14 promissory notes, aggregating $1,316, to recover which this action was instituted against said defendants, as makers, and Simon C. Solomon and Henry L. Ferry, as guarantors of payment at maturity or at any time thereafter.   Defendants Solomon and Henry L. Ferry had judgment, and plaintiffs appeal.

The printed form of the contract of purchase under which the goods were ordered, shipped and delivered, provided that certain of the items included therein should be paid for July 1, 1894, and the purchase price of all other goods was therein made payable October 1, 1894.   This contract of purchase contained an itemized list of goods bought, the conditions of payment, and price of each article, together with the terms of settlement and the following written guaranty:   "In consideration of the credit which the Foley-Wadsworth Implement Company may extend to Norris & Ferry upon the within contract, and one dollar to us in hand paid, the receipt whereof is hereby acknowledged, we hereby guaranty to Foley-Wadsworth Imp. Co. the complete performance of said contract, and payment at maturity, or at any time thereafter, of all notes and accounts made in pursuance of said contract, including also the payment of all goods that said Norris & Ferry may order during the year 1894.   We hereby waive all notice to us, as guarantors, of default in payment of any of said notes or accounts.   Simon C. Solomon.   Henry L. Ferry."   Over the printed word "July" the word "October" was written, and, when the foregoing instrument was offered in evidence, counsel for respondents

objected on their behalf to the introduction thereof, for the reason that it bears upon its face the appearance of a changed and altered instrument, in, especially, that the word "July" appears to have been changed to "October." The ruling of the court in sustaining this objection constitutes the basis for all errors assigned, and is, in fact, the only point presented for our consideration and review.

That the implements in settlement for which the notes in suit were executed were sold and delivered during the year 1894, in strict compliance with the contract, is not disputed, nor is it claimed that appellants obtained any advantage by extending the time of payment from July 1, 1894, to October 1 of that year; and consequently, under the rule most favorable to respondents, in the absence of any circumstances tending to excite suspicion, the presumption prevails that the alteration was made before the execution and delivery of the contract, or contemporaneously therewith. 1 Greenl. Ev. (14th Ed.) p. 654; Bailey v. Taylor, 11 Conn. 531; Kleeb v. Bard (Wash.) 40 Pac. 733; Wilson v. Hotchkiss' Estate, 81 Mich. 172, 45 N. W. 838; Hagan v. Insurance Co. (Iowa) 46 N. W. 1114; Trust Co. v. Olson, 92 Iowa, 770, 61 N. W. 199.

As respondents had the burden of showing to the satisfaction of the court and jury that the change was material, and was effected after the execution and delivery of the contract, upon which appellants wholly relied, that instrument should have been admitted in evidence, so that the jury might determine the rights of the parties from all the facts and circumstances before it, when viewed in the light of the law, as given by the court in its charge. The judgment appealed from is reversed, and a new trial is ordered.