LANDAUER v. SIOUX FALLS IMP. CO. *et al.*

1. Affixing a corporate seal to the note of a corporation does not destroy its negotiability; Comp. Laws, 'Sec. 3549, abolishing all distinctions between sealed and unsealed instruments, being restricted only by section 4849, limiting the period within which an action on a sealed instrument can be commenced.

2. Where a note, with a guaranty thereon containing an alteration made by drawing a pen mark across the word "we" and inserting the pronoun "I" (thereby changing a joint contract to a joint and several obligation), was admitted in evidence and the jury instructed that the guaranty could not be avoided unless the guarantors proved that the alteration was made without their knowledge or consent, after the guaranty was executed, it was not error to charge that the appearance of the instrument was sufficient to put a subsequent purchaser on inquiry.

3. It was not necessary to instruct that the alteration would not release the guarantors if made by a stranger without the consent of the holder, in the absence of request for such instruction, or of any claim that the paper was ever accessible to one not assuming to benefit thereby.

4. The presumption that the holder of negotiable paper is an indorsee in due course is overcome by evidence that the instrument was unlawfully put in circulation, and casts on the holder the burden of proving that he purchased it for value before maturity, and without notice of any defense.

5. Such rule is not in conflict with Comp. Laws, Sec. 4470, which provides that "the signature of every * * * indorsee of a negotiable instrument is presumed to have been made for a valuable consideration, before maturity, * * * and in the ordinary course of business," but which does not declare what evidence will overcome the presumption, nor embrace all the elements of an indorsee in due course.

6. An instruction cannot be reviewed unless an exception was taken at the proper time and the objection included in the assignment of errors.

7. In an action on a note placed in escrow to be delivered on compliance with conditions which were never performed, one S. testified that he purchased the note for plaintiff, from a stranger, before maturity, and after inquiring at two banks as to the standing of the makers, without learning anything against the validity of the note.. *Held*, that though S. may not have participated in the fraud by which the note was put in circulation, such.fact would not prove as a matter of law, that plaintiff who did not testify, was an innocent purchaser, etc., and that the question was properly submitted to the jury. HANEY, J., dissenting.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Minnehaha county.    Hon. J. W. JONES, Judge.

Action upon a promissory note.    Defendants had judgment from which, and from an order denying his motion for a new trial, plaintiff appeals.    Affirmed.

The facts are stated in the opinion.

*T. B. McMartin,* (*Cratty Bros.,* *Gray, MacLaren, Jarvis & Cleveland,* of counsel,) for appellant.

The ancient rule denying corporations the right to deal in or give promissory notes, is no longer the law.    1 Dan. Neg. Inst. 382; 1 Mor. Corp. § 351; Comp. Laws, § 4488; Bank v. Tuthill, 4 Dak. 295.    The seal of the corporation did not destroy the negotiability of the note.    4 Thompson Comm. on Corp. § 5121; Tiedeman on Commercial Paper, §§ 32, 117; 1 Morawetz on Corp. § 341; 1 Daniel Neg. Instr. §§ 812, 815, 819; Bank v. Morgan, 30 Atl. 957.    The delivery by the custodian of the escrow was valid.    Comp. Laws, § 4488; Clark v. Johnston, 54 Ill. 296; Fearing v. Clark, 16 Gray, 74; 2 Am. & Eng. Encyc. of Law, 343; I Mor. Corp. §§ 350, 351; Temple v. Street Ry. Co.. 37 Pac. 530.

*Davis, Lyon & Gates,* for respondents.

There is no presumption that a corporation has power to issue commercial paper.    McCullough v. Moss, 5 Denio, 567; 1 Mor. Corp. § 341.    The note and endorsement bore the seal of the corporation, and being a sealed instrument it was not negotiable, Heffleman v. Pennington county, 3 S. D. 162, 52 N. W. 851; Chase v. Jewett, 37 Me. 351; Coe v. Railroad, 8

Fed. 534; Mackey v. Clinch, 23 Atl. 108; Brown v. Jordahl, 32 Minn. 135; Osborne v. Hubbard, 25 Pac. 1021; Porter v. Railroad, 37 Me. 349; Clark v. Mfg. Co. 15 Wend. 256.   The conditions of the escrow were never fulfilled and the custodian of the escrow had no authority to deliver it.   Having never been delivered, it had no existence as commercial paper and was open to defenses in the hands of the holder.   Chapman v. Gucker, 38 Wis. 43; Burson v. Huntington, 21 Mich. 415; Bank v. Village of Ashley, 52 N. W. 74.   Fraud in the inception of the instrument having been established by defendants, the burden was imposed upon the plaintiff to establish that he was a *bona fide* purchaser.   Bank v. Diefendorf, 10 L. R. A. 676; 1 Dan. Neg. Inst. § 769; Sullivan v. Langley, 120 Mass. 437.   The purchaser took the paper with an alteration apparent upon its face sufficient to put him upon inquiry, and when he omitted to inquire, he did so at his peril and is chargeable with all the facts which by a proper inquiry he might have ascertained. Angle v. Ins. Co., 92 U. S. 330.   The fraudulent alteration of the guaranty reached back to and destroyed the original consideration; hence the note became absolutely void.   Bank v. Lawson, 31 N. Y. Supp. 18; Walton Plow Co. v. Campbell, (Neb.) 52 N. W. 885.

FULLER, J.   This action upon a promissory note negotiable in form, for $5,000, executed by, made payable to, and bearing the blank indorsement of, the defendant corporation, together with the guaranty of its co-defendants, resulted in a judgment for the defendants, from which, and from an order overruling a motion for a new trial, plaintiff appeals.   It is shown by the evidence that, when executed and indorsed, the note was placed in escrow with D. M. Hillis, to be delivered to A. F. Smith only upon condition that the latter should deliver for the defendant corporation, at Sioux Falls, certain machinery, assignments of patents, and other property; and, notwithstanding Smith failed to perform any of these conditions, the

note was delivered to him, in violation of the express contract of the parties, without authority, and without any consideration. Plaintiff claims to be a *bona fide* holder, or in the language of the statute, ''an indorsee in due course.'' Comp. Laws, § 4487. As an entire failure of consideration and an unauthorized delivery of the note to Smith are shown, plaintiff cannot recover unless he is an indorsee in due course. Id. §§ 4486, 4488. Plaintiff was not sworn, and the only evidence touching his connection with the paper was its production at the trial, and the deposition of Joseph Spiro, of Pontiac, Ill., who testified in substance, that he purchased the note before it became due, of a stranger by the name of Beattie through the agency of Albert Schoenbeck, a real estate dealer in Chicago (after inquiring of two Sioux Falls banks regarding the standing of the maker and guarantors), for $4,050, in currency, and without having learned anything prejudicial or detrimental to the note, or anything against its character in any way.

Respondents contend that, as the makers' corporate seal is affixed to the note, it is not negotiable; citing Heffleman v. Pennington Co., 3 S. D. 162, 52 N. W. 851. This position is untenable. The Civil Code declares that ''all distinctions between sealed and unsealed instruments are abolished.'' Comp. Laws, Sec. 3549. The Code of Civil Procedure provides that the period within which an action on a sealed instrument can be commenced is 20 years. Id. Sec. 4849. These apparently inconsistent provisions were incorporated in the revision of 1877. The several Codes then adopted are deemed to have been passed on the same day, and as parts of the same statute. If the provisions of one Code conflict or contravene the provisions of another, the provisions of each must prevail as to all matters and questions arising thereunder out of the same subject matter. Rev. Codes 1877, p. 900; State v. Smith (S. D.) 67 N. W. 619. The only point decided in Heffleman v. Pennington Co. is that county warrants with the county seal attached are sealed instruments, within the meaning of the statute of limi-

tations; and the court expressly restricts the effect of its decision to that one question. Effect must be given to the Civil Code, and the law in this jurisdiction should be stated thus: "There are no distinctions between sealed and unsealed instruments except as to the statute of limitations."

No opinion is expressed concerning the defendant corporation's power under its charter to purchase the property contracted for, when its note was issued. As the question does not appear to have been considered by the court below, it would be both unfair and unsatisfactory to dispose of it upon a record thus prepared.

Concerning the guaranty written upon the back of the note introduced in evidence, which shows a heavy pen mark drawn across the word "we" and the pronoun "I" inserted, thereby changing a joint instrument to a joint and several obligation (Comp. Laws, Sec. 3575), the evidence was conflicting as to the time the alteration was effected; and, in view of all the circumstances, it was not error to charge the jury that the appearance of the instrument was sufficient to put a purchaser upon inquiry, and appellant has no cause to complain of the following instruction: "Therefore, if, after you consider this evidence, you believe, by a preponderance of the evidence, that the guaranty, at the time it was signed by Mr. Ward, Hayward Watson and the other guarantors, read 'we guarantee,' etc., and that the word 'we' was subsequently erased, and 'I' inserted in its place without their knowledge or consent, then the court instructs that you shall find for these defendants, the guarantors, in this action." A different question was presented in the recent case of Implement Co. v. Solomon, (S. D.) 70 N. W. 639. As the alteration in the guaranty then under consideration did not enlarge the liability of the makers thereof, or in any manner tend to excite suspicion, we entertained the presumption that the alteration was made prior to or contemporaneously with the execution and delivery of the instrument, and held that it was error to exclude the same from the consideration of

the jury. "A typical instance of a suspicious alteration is where an instrument coming from the custody of one claiming under it shows an interlineation or erasure enlarging the rights of the propounders." 2 Am. & Eng. Enc. Law (2d Ed.) 278.

As the court admitted the paper in evidence, and placed upon defendants the burden of proof by instructing the jury, in substance, that the guaranty could not be avoided unless it was found from a preponderance of evidence that an alteration of the instrument was effected without their knowledge or consent, after the execution thereof, the further charge that the alteration was sufficient to put subsequent purchasers upon inquiry could not, in any view of the circumstances of this case, be regarded as fatally erroneous. Moreover, the delivery of this fraudulently procured instrument was unlawfully made or obtained by plaintiff's assignor or some preceding holder, under circumstances unrevealed; and it will not do for us to say, as a matter of law, that the trial court was not justified in concluding from the competent evidence derived from an inspection of the written guaranty that this material alteration was intrinsically suspicious. As no claim was made that this obligation, without consideration, fraudulently obtained, and surreptitiously put in circulation, was ever accessible to any one not assuming to be entitled to benefit under it, in the absence of any intimation to that effect or a request for an instruction upon the point, the court was not bound to charge the jury that the alteration would not release guarantors if made by a stranger without the consent of the holder of the instrument, as provided by Sec. 3595 of the Compiled Laws.

After stating that plaintiff, if an indorsee in due course, could recover, notwithstanding the unlawful delivery to Smith, the court charged the jury as follows: "But the burden of proof rests upon plaintiff to show that he is a *bona fide* purchaser of the note, for value, and before maturity, and that question is submitted to you. You have no right arbitrarily to say that you disbelieve a witness unless you believe from the

evidence that you have just cause, under all the evidence in the case, to disbelieve him. But the question of fact is for you to determine whether or not the purchaser of the note [the witness Spiro], who claims to have bought it for the plaintiff, and who claims to have made some inquiries about it, bought the note in good faith, and for valuable consideration, without any knowledge or notice of any defense to it." The rule is universally recognized that holders of negotiable paper are presumed to have purchased it before maturity, for value, and without notice of any objections. If, however, the party primarily liable proves fraud or illegality in its inception, the holder must show that he is an indorsee in due course. The presumption arising from the mere fact of possession is overcome by evidence that the instrument was unlawfully put in circulation, and the burden was upon plaintiff to show all the facts constituting an indorsee in due course. Giberson v. Jolley, 120 Ind. 301, 22 N. E. 306; Stewart v. Lansing, 104 U. S. 505; Goodrich v. McDonald, 77 Mich. 486, 43 N. W. 1019; Bank v. Dill, 84 Mich. 549, 47 N. W. 1109; Cummings v. Thompson, 18 Minn. 246 (Gil. 228); Bank v. Luckow, 37 Minn. 542, 35 N. W. 434; Machine Co. v. Best, 105 N. Y. 59, 11 N. E. 146; Smith v. Livingston, 111 Mass. 342; Clark v. Thayer, 105 Mass. 216; Fuller v. Hutchings, 10 Cal. 523; Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402; Sullivan v. Langley, 120 Mass. 437. The foregoing rule is not in conflict with the section of the Code providing that "the signature of every drawer, acceptor, and indorsee of a negotiable instrument is presumed to have been made for a valuable consideration, before the maturity of the instrument, and in the ordinary course of business." Comp. Laws, § 4470. This section does not embrace all the elements of an endorsee in due course (Id. § 4487); nor does it declare what evidence is required to overthrow the presumption; hence a case is presented which is not controlled by the statute, and the common-law principles are applicable (Laws 1890, Chap. 105). The doctrine stated by Mr. Daniel, and contended for

by appellant, to the effect that, when the plaintiff proves a pur-
chase for value, before maturity, his *prima facie* case is re-
stored, and defendant must prove notice of defense (Daniel,
Neg. Inst. § 819), has received serious attention, with the re-
sult that we think it is not supported by the greater weight of
authority or the better reasoning.   In the language of the su-
preme court of Indiana:   ''It would be a departure from prin-
ciple to hold that the maker must prove that the holder had
notice of the fraud.   Whether he had notice or not is a matter
peculiarly within his own knowledge.   It needs no more than a
bare statement of the proposition that the plaintiff's possession
or nonpossession of the notice is a matter peculiarly within his
own knowledge to establish it to the satisfaction of a candid
mind; and, if this proposition be established, then it must fol-
low that the proof should come from him, for few rules of law
are better settled than that a party whose cause of action or
defense rests upon facts peculiarly within his own knowledge
must prove those facts.''   Giberson v. Jolley, *supra.*   The cir-
cuit court did not err in charging the jury that the burden was
upon the plaintiff to show that he is a *bona fide* purchaser of
the note, for value, and before maturity.

Whether it was error to give this cautionary instruction,
that ''you have no right arbitrarily to say that you disbelieve
a witness unless you believe from all the evidence that you
have just cause,'' is a question not before us, for the reason
that no exception was taken thereto, and the point is not in-
cluded in appellant's assignments of error.   In Peterson v.
Siglinger, 3 S. D. 255, 52 N. W. 1062, this court said:   ''When
a party assigns errors in the charge of the court, the abstract
must show that exceptions were taken at the proper time to the
portions of the charge alleged to be erroneous, or to the in-
structions given or refused at the request of the parties.   Ex-
ceptions, to be available to the appellant, must affirmatively
appear in the abstract.''

Conceding that the witness Spiro, through the agency of
whom the note appears to have been purchased, was entirely

free from participation in what is confessedly fraudulent, such fact, in view of all the circumstances, would not justify the court in holding, as a matter of law, that plaintiff, who was best qualified to speak, but remained silent, was an innocent purchaser, for value, without notice, before maturity; and the question was rightfully submitted to the jury.

From a careful examination of every exception available to appellant, we are convinced that the case was fairly tried, and that no sufficient ground for reversal exists. The judgment appealed from is therefore affirmed.

HANEY, J., dissents.