574          JAMISON *et al. v.* McFARLAND.

## JAMISON *et al.* v. McFARLAND.

A maker deposited his note with a bailee in escrow as security for the per-
formance of a contract to convey land in exchange for merchandise.
The contract was abandoned by the maker, and there was no evidence
of performance by the other party. The bailee transferred the note
without authority, and there was some evidence that the purchaser took
it with notice, and that he paid for it by crediting the indorser on an old
obligation. *Held,* that the question of notice was for the jury, and it
was error to direct a verdict.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Sanborn county. Hon. FRANK
B. SMITH, Judge.

Action on promissory note. Plaintiff had judgment, and
defendant appeals. Reversed.

The facts are stated in the opinion.

*N. J. Dunham,* and *John T. Kean,* for appellant.

*A. E. Hitchcock,* ( *Carr & Parker* of counsel), for respondents.

FULLER, J. From a judgment in favor of plaintiff's, entered
upon a directed verdict for the full amount of a promissory
note made the basis of this action, and from an order overrul-
ing a motion for a new trial, the defendant appeals. It is
shown by the evidence offered and received under the pleadings
that on the 22d day of January, 1896, appellant a resident of
this state, assisted by C. W. Terrell, a land broker, of Des
Moines, Iowa, entered into a contract with Phillip Kane, also a
resident of that city, by which the parties mutually agreed to
exchange South Dakota land, of which the appellant was the
owner, for a stock of general merchandise, kept at the time for
the purposes of retail trade in a building at Albia, Iowa, where
all the negotiations took place. The note in suit, made payable
to Phillip Kane, was at the time executed by appellant, and
deposited in escrow with Mr. Terrell, with the understanding
that the same should be returned to the maker upon the full
performance of his part of the contract, and, upon failure so

to do, said note was to be delivered to Phillip Kane. The stipulation in the contract pursuant to which the note was executed and delivered is in part as follows: "The said Wm. McFarland is to make note for eight hundred dollars, payable to Phillip Kane, and place same up as a forfeit that he will fulfill his part of the contract, on signing contract, and Phillip Kane is to make bill of sale, and deposit the same for said goods on signing contract." As to whether Kane, as a part of the transaction ever made and deposited a bill of sale covering the stock of merchandise, the evidence is conflicting, but it is undisputed that the trade was never consummated, for the sole reason that, after appellant had carefully examined the stock for which he was dealing, and had executed the contract, and the note now in suit, and before an invoice could be completed, said Kane, the ostensible owner of the store and contents, placed therein, for the purpose of swelling the invoice price, a large amount of unsalable and useless stuff, consisting of unfashionable and shelfworn goods, including a lot of women's cloaks and children's apparel, all of which appellant declined to accept, and thereupon, and without further ado, abandoned the venture, and returned to his home, leaving the note in suit in the hands of Terrell, who immediately upon its receipt had left Albia, and gone to Des Moines. As this $800 note executed by appellant on the 22d day of January 1896, at Albia, and made payable to Phillip Kane or order, 10 days thereafter, at a certain bank in the city of Des Moines, was delivered to said Terrell without authority and without any consideration, assuming the instrument to be negotiable, the burden was upon the respondent to show that he is a *bona fide* purchaser for value and before maturity. Landauer v. Improvement Co., 10 S. D. 205, 72 N. W. 467. Though the fact was not disclosed to appellant, a brother of respondent and Terrell jointly owned the stock of merchandise. Respondent, a resident of Oelwein, a village some distance from Albia and Des Moines, had never heard of appellant, and yet he purchased the note on the day it fell due

wholly upon the representations of Kane, who indorsed the same "without recourse." There is, moreover, a dispute as to whether respondent gave Terrell any money for the note, or whether the purported purchase price was credited upon an old obligation due from said Terrell to respondent, which item, together with the foregoing and numerous circumstances, more or less significant in character, ought to have been sent to the jury under proper instructions as to the law of the case; and, as the court could not say, as a matter of law that appellant was liable, the verdict was erroneously directed, and the judgment appealed from is reversed, and the case remanded for a new trial.