SECURITY NATL. BANK OF ALEXANDRIA, Respondent, v. KERKHOFF, et al, Appellants.

(230 N. W. 759.)

(File No. 6775. Opinion filed May 10, 1930.)

*E. E. Wagner,* of Mitchell, and *Frank Vincent,* of Alexandria, for Appellant.

*Danforth & Seacat,* of Alexandria, for Respondent.

MISER, C. Prior to January 20, 1921, B. J. Kerkhoff owed respondent Security National Bank $4,000 on his promissory note. On that date he signed a renewal note at the bank, and took it home to obtain the indorsement of his mother, Elizabeth Kerkhoff. He obtained her indorsement by telling her that it was payable to, and a renewal of a note to, the First National Bank, on which she was already surety. He then mailed the note to respondent bank. Within a few days after its date, it was received at the bank with the indorsement of Elizabeth Kerkhoff thereon and entered in the bills receivable register. Long after the note came due the suit was begun against B. J. and Elizabeth Kerkhoff. Elizabeth Kerkhoff set up the defense that she had indorsed the note under a mistake of fact; that she did not know of the mistake until shortly after the note came due in March, 1921, when she told respondent's cashier of her mistake and repudiated the note. As a second defense, she alleged that the words above her signature: "Payment guaranteed, protest, demand and notice of nonpayment waived," did not appear thereon at the time she indorsed the note; that these materially altered the same. No useful purpose would be served in setting forth the other two causes of action and defenses thereto, for judgment was entered against appellants on the one cause of action only. Before trial, Elizabeth Kerkhoff died, and another son, William, was appointed administrator. By stipulation, he was substituted as party defendant in her stead, and is appellant herein.

■ The court found that the words: "Payment guaranteed, protest, demand and notice of nonpayment waived," were on the back of the note at the time of its signing by Elizabeth Kerkhoff and prior to its delivery to the bank. The evidence on this point favorable to appellants' contention is: First, the testimony of B. J. Kerkhoff that the questioned words were not on the note when he mailed it back to the bank; second, the opinion of a witness, who claimed to be an experienced examiner of questionable documents, that the words above quoted were stamped on the back of the note after Elizabeth Kerkhoff wrote her signature thereon; third, the note itself, which has been sent up as part of the settled record and which appellant asks the court to inspect.

We have inspected the instrument. The signature of Elizabeth Kerkhoff is in pencil lightly applied. The purple ink impression made by the rubber stamp is broad and heavy. The signature and the stamped line intended for signature are merged in several places. Even when aided by a glass which magnifies the writing and impression of the rubber stamp, it is not readily apparent which was first placed on the back of the note. To say from an inspection of the instrument with such slight aid whether the stamp was superimposed upon the writing, or vice versa, would be to risk the hazard of a guess. It may be that a more powerful glass in the hands of one trained to observe such writings would be of material assistance in making certain that which is now uncertain. Even then, the credibility of the expert is for the trial court. No useful purpose would now be served in discussing the great aid or the great hindrance which the testimony of an expert may be in the discovery of the truth, nor the many elements of strength and weakness thereof.

■■ To determine the credibility of the testimony of B. J. Kerkhoff was also the burden of the trial judge before whom he testified. B. J. Kerkhoff testified that he procured his mother's indorsement to the note by falsely stating to her that it was payable to the First National Bank in renewal of a note upon which she was already obligated. Except for this admission, there is nothing in the record before us to indicate an improvement in the quality of his veracity from the time he procured his mother's signature by a falsehood until he testified in defense of her nonliability by reason thereof. The trial court is in better position than is this court

to determine the credibility of oral testimony. On the other hand, the cashier of respondent bank testified positively that the words were stamped on the back of the note at the time B. J. Kerkhoff signed the note and were on the note when he returned it to the bank through the mail. The credibility of this witness and the fact that inferentially he was charged with the material alteration of the note was for the trial court to determine. Taking the evidence as a whole on the question of alteration, there is no clear preponderance against the finding of the trial court, and it will not be disturbed. Foley-Wadsworth Imp. Co. v. Solomon, 9 S. D. 511, 70 N. W. 639; Bates v. Smith, 48 S. D. 602, 205 N. W. 661.

■ As bearing on the defense of mistake, appellant assigns as error the sustaining of an objection to a question asked Smiley, respondent's cashier, designed to prove that, some time after the maturity of the note, Smiley knew of Elizabeth Kerkhoff's claim that she signed the note by mistake. There was no contradiction of the testimony of another son, James Kerkhoff, that, in May, 1921 (the note came due on March 20, 1921), Smiley demanded payment in person of Elizabeth Kerkhoff at her farm. At that time she said to him: "I don't remember of signing any notes for you." When shown the notes, she admitted her signature, but said: "I can not pay you. I have no money. I signed them by mistake." Despite the sustaining of the objection to the question, Smiley answered: "I have talked to her about it and she thought it was notes for the First National Bank." It may be conceded that, from May, 1921, Smiley knew of the claim of Elizabeth Kerkhoff that she signed the note thinking it was payable to another bank. There is no claim that there was a conspiracy between B. J. Kerkhoff and Smiley to obtain her signature. Unquestionably, Elizabeth Kerkhoff was worried on account of the notes. Smiley testified that William Kerkhoff, to whom she afterwards deeded her farm, promised that, if the bank would not press suit against his mother, he would give the bank a second mortgage after he received the deed. This deed was the conveyance alleged to be fraudulent in the third cause of action dismissed on appellant's motion for want of evidence. The burden was on appellant to allege and prove the defense of mistake. Although ruling that this defense was sufficiently alleged, the trial court, which heard the witnesses testify, found that, at the time of the making of said

note, Elizabeth Kerkhoff indorsed said note for the purpose of inducing respondent bank to accept the same. An examination of the evidence does not justify this court in declaring that the clear preponderance of the evidence was against this finding. Spackman v. Gross, 25 S. D. 244, 126 N. W. 389.

■ Appellant complains that the court erred in permitting respondent to file its claim with the administrator after respondent had rested and then reopen the case to permit proof of such filing. Under section 3399, Rev. Code 1919, the filing of the claim with the administrator is necessary. This requirement has been fully discussed in Hart v. Bjerke, 34 S. D. 557, 149 N. W. 423, and in Smith v. Lyle, 54 S. D. 385, 223 N. W. 318. The court is of the opinion that the trial court did not abuse its discretion in reopening the case to permit proof of filing. Calkins v. Seabury, etc., Co., 5 S. D. 299, 58 N. W. 797.

Other errors have been assigned. These have been examined, but no cause for reversal found. The judgment and order appealed from must be, and are, affirmed.

BROWN, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.